**UNITED STATES of America**

**v.**

**Joseph C. GREEN.**

**No. IP 67–CR–167.**

United States District Court
S. D. Indiana,
Indianapolis Division.

April 12, 1968.

Daniel P. Byron, Asst. U. S. Atty., for the United States.

John C. Ruckelshaus, of Ruckelshaus, Bobbitt & O'Connor, Indianapolis, Ind., for Joseph C. Green.

**ORDER OF APRIL 12, 1968 OVERRULING MOTION TO REQUIRE DEFENDANT TO SUBMIT HANDWRITING EXEMPLARS**

STECKLER, Chief Judge.

The defendant is charged by way of indictment with having filed false and fraudulent claims with the United States in violation of Title 18, United States Code, Section 287, and with conspiring with another to do so in violation of Title 18, United States Code, Section 371.

The case is before the Court on the Government's motion to require the defendant to submit handwriting exemplars. The motion requests that the handwriting exemplars be submitted as requested by the Government's chief investigative agent including, inter alia, the names which defendant allegedly wrote on the credit invoices used in the alleged conspiracy.

It is the position of the Government that the giving of handwriting exemplars is outside the scope of the Fifth Amendment privilege against self-incrimination. In support of its contention, the Government relies on Schmerber v. State of California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966), and Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).

The Supreme Court has concluded that the privilege against self-incrim-

ination reaches only compulsion of "communications" or "testimony" and that these are to be distinguished from "identifying physical characteristics" or compulsion which makes the accused the source of "real or physical evidence." *Schmerber,* supra, 384 U.S. at 764, 86 S.Ct. 1826; *Gilbert,* supra, 388 U.S. at 266, 87 S.Ct. 1951.

The Government urges that handwriting exemplars in contrast to the content of what is written, like the voice or body itself, is an identifying physical characteristic outside the Fifth Amendment's protection and is not protected by the privilege against self-incrimination.

In opposition to the motion the defendant distinguishes the *Gilbert* decision from the case at bar by pointing out that the defendant in *Gilbert* voluntarily gave handwriting exemplars before he was indicted and later asserted his objection when the exemplar was offered into evidence at the trial. The Fifth and Eighth Circuits have interpreted *Gilbert,* however, in both cases the giving of handwriting exemplars was voluntary on the part of the defendants, Granza v. United States, 5 Cir., 377 F.2d 746, reh. 381 F.2d 190 (5th Cir. 1967); Weaver v. United States, 379 F.2d 799 (8th Cir. 1967).

In addition to the absence of an effective waiver, defendant contends that the giving of handwriting exemplars where the corpus of the crime alleged requires proof of the unlawful signatures goes considerably beyond use as a mere "identifying physical characteristic." Further, that in view of the scientific certainty which accompanies handwriting analysis, it is "communicative" as to an element of the crime and is incriminating.

█ The distinctions between compulsions of a communicative nature which are protected and those which produce only "identifying physical characteristics," or become the source of "real or physical evidence," which are not protected by the Fifth Amendment, are nebulous. In view of the nature of the request in the case at bar, the Court

concludes that the exemplars fall within the exceptions noted by the Supreme Court in *Schmerber,* supra, 384 U.S. at 764, 86 S.Ct. at 1832:

"There will be many cases in which such a distinction is not readily drawn. Some tests seemingly directed to obtain 'physical evidence,' for example, lie detector tests measuring changes in body function during interrogation, may actually be directed to eliciting responses which are essentially testimonial. To compel a person to submit to testing in which an effort will be made to determine his guilt or innocence on the basis of physiological responses, whether willed or not, is to evoke the spirit and history of the Fifth Amendment."

█ For the sake of analysis, assume the hypothetical of a man charged with forging his name to a gasoline sales receipt. If he were asked outright whether he had forged the name appearing on the receipt, there is no question that he could refuse to answer because of the constitutional privilege against self-incrimination. If rather than request a verbal response, the examiner told him to write his reply, the privilege would still prevail. Is the question presently confronting this court, i. e., can the examiner tell him to write the name as it appears on the sales receipt, any different? Defendant urges that with the exactness and definiteness that can now be scientifically obtained by handwriting analysis, the result of requiring the accused to write the name would have the same far-reaching effect as if the accused were required to make a verbal or written admission. Such result fails to satisfy the principle that the protection "is as broad as the mischief against which it seeks to guard." Counselman v. Hitchcock, 142 U.S. 547, 562, 12 S.Ct. 195, 198, 35 L.Ed. 1110 (1892).

█ The defendant was employed by the United States for a considerable period of time, and the Government has not sought to deny that it has samples of his handwriting available through this

employment. What is here sought is an exemplar displaying selected phrases allegedly germane to this case. To lend the compulsory processes of the Court to the procurement of such an exemplar without the voluntary cooperation of the accused would be an infringement upon the spirit of the constitutional prohibition against compelling the accused to be a witness against himself.

For the foregoing reasons, the Government's motion to require the defendant, Joseph C. Green, to submit handwriting exemplars is hereby overruled.

It is so ordered.