W. Willard WIRTZ, Secretary of Labor,
United States Department of Labor,
Appellant,

v.

MILTON J. WERSHOW CO., a California corporation, Appellee.

No. 23043.

United States Court of Appeals
Ninth Circuit.

Sept. 18, 1969.

Bessie Margolin (argued), Associate Sol., Charles Donahue, Sol. of Labor, Robert E. Nagle, Carin A. Clauss, Attys., Washington, D. C., Altero D'Agostini, Regional Atty., John M. Orban, Assoc. Regional Atty., Samuel J. Brookins, Atty., Los Angeles, Cal., for appellant.

H. Miles Raskoff (argued) of Gendel, Raskoff, Shapiro & Quittner, Los Angeles, Cal., for appellee.

Before BARNES and CARTER, Circuit Judges, and THOMPSON *, District Judge.

THOMPSON, District Judge:

The Secretary of Labor brought this action to enjoin defendant from violating the provisions of Sections 15(a) (2) and 15(a) (5) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 201 et seq.), and prayed (1) for an injunction against future violations and (2) for restraint against withholding of payment of overtime compensation past due to certain named employees.

Defendant moved to dismiss and buttressed the motion by affidavit of defendant's Controller, averring: "Ever since the alleged violations of the Act were called to our attention, payment of wages and overtime compensation have been and are made in accordance with advice rendered by counsel to be in compliance with the provisions of the Fair Labor Standards Act." Defendant argued that there was no equitable basis for enjoining future violations in view of the affidavit of compliance and that the Court had jurisdiction to restrain withholding of payments due employees for past violations only in conjunction with an injunction against future violations. The plaintiff admitted that it could not refute the affidavit of present compliance without conducting a new investigation.

---

* Hon. Bruce R. Thompson, United States District Judge, Reno, Nevada, sitting by designation.

The trial court treated the motion to dismiss as one for summary judgment and dismissed the action. Plaintiff moved for a rehearing and the Court adhered to its ruling.

While we share the district court's evident concern over the one year delay between the investigation and report in September and October, 1966, which disclosed defendant's violations of the overtime and record keeping requirements of the Fair Labor Standards Act and the filing of this action for injunctive relief on November 28, 1967, we cannot agree with the conclusion that the Complaint lacked equity or that the Court lacked jurisdiction.

Present compliance is only one of the factors relevant to the exercise of an informed judicial discretion to determine whether an injunction against future violations is appropriate. A complaint for injunctive enforcement of the Fair Labor Standards Act does not lack equity merely because present compliance may be shown or admitted. Wirtz v. Young Electric Sign Co., 315 F.2d 326; Wirtz v. Harper Buffing Machine Co., D.C.Conn.1958, 280 F.Supp. 376. (Counsel have informed the Court that the Harper Buffing decision was affirmed by the United States Court of Appeals for the Second Circuit by order entered September 17, 1968, Docket No. 32167.)

The contention that an injunctive restraint against further withholding of past due overtime compensation may be awarded only as part and parcel of an injunction against future violations is predicated upon a narrow, technical and untenable interpretation of the Act. 29 U.S.C. 217.[1] The emphasis is placed on the word *"including"* as requiring other injunctive relief to support compulsion of payment of past due compensation under the Act. Such a myopic view of the Congressional intent in enactment of the Fair Labor Standards Act is inconsistent with the teachings of Mitchell v. Robert DeMario Jewelry, Inc., 1959, 361 U.S. 288, 80 S.Ct. 332, 4 L.Ed.2d 323. That opinion, written before the 1961 amendment of Section 217, which then abjured jurisdiction to order payment of past due unpaid minimum wages, nevertheless upheld equitable jurisdiction to require reimbursement of lost wages of a wrongfully discharged employee, these not being "unpaid minimum wages" within the proscription. The Supreme Court relied upon the principles enunciated in Porter v. Warner Holding Co., 1946, 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332, quoting therefrom:

"Thus the Administrator invoked the jurisdiction of the District Court to enjoin acts and practices made illegal by the Act and to enforce compliance with the Act. Such a jurisdiction is an equitable one. Unless otherwise provided by statute, all the inherent equitable powers of the District Court are available for the proper and complete exercise of that jurisdiction. And since the public interest is involved in a proceeding of this nature, those equitable powers assume an even broader and more flexible character than when only a private controversy is at stake. * * * [T]he court may go beyond the matters immediately underlying its equitable jurisdiction * * * and give whatever other relief may be necessary under the circumstances * * *.

"Moreover, the comprehensiveness of this equitable jurisdiction is not to be denied or limited in the absence of

---

1. "The district courts, together with the United States District Court for the District of the Canal Zone, the District Court of the Virgin Islands, and the District Court of Guam shall have jurisdiction, for cause shown, to restrain violations of section 215 of this title, including in the case of violations of section 215(a) (2) of this title the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under this chapter (except sums which employees are barred from recovering at the time of the commencement of the action to restrain the violations, by virtue of the provisions of section 255 of this title)." 29 U.S.C. § 217.

a clear and valid legislative command. Unless a statute in so many words, or by a necessary and inescapable inference, restricts the court's jurisdiction in equity, the full scope of that jurisdiction is to be recognized and applied. 'The great principles of equity, securing complete justice, should not be yielded to light inferences, or doubtful construction.' Brown v. Swann, 10 Pet. 497, 503, 9 L.Ed. 508 * * *. 328 U.S., at 397–398, 66 S.Ct. at 1089."

So, here. The use of the word "including" in the 1961 amendment which broadened the reach of the Act to vest jurisdiction in the Courts to enforce payment of past due unpaid minimum wages cannot be tortured into a directive that the equity courts must give all the relief requested or none. The Court having jurisdiction of the cause enjoys "the historic power of equity to provide complete relief in the light of the statutory purposes" (361 U.S. at 292, 80 S.Ct. at 335). See: Wirtz v. Harper Buffing Machine Co., *supra*.

The "statutory purposes" are not in doubt. Wirtz v. Malthor, Inc., 9th Cir. 1968, 391 F.2d 1:

"It must be remembered that restraining appellees from withholding the minimum wages and overtime compensation is meant to vindicate a public, rather than a private, right, and that the withholding of the money due is considered a 'continuing public offense.' Wirtz v. Jones, 340 F.2d 901 (5th Cir. 1965); Burk Builders, Inc. v. Wirtz, supra [355 F.2d 451]; Wirtz v. English, supra [245 F.Supp. 628]. The 1961 amendment of Section 17 (29 U.S.C. § 217) authorizing the restraint that the Secretary requests here had at least two purposes. First, the restraint was meant to increase the effectiveness of the enforcement of the Act by depriving a violator of any gains accruing to him through his violation. Second, the amendment was meant to protect those employers who comply with the Act from having to compete unfavorably with employ-

ers who do not comply. (Senate Report No. 145, 87th Cong., First Session, 1961; 1961 U.S.Code Cong. & Admin.News 1620 at 1658–59). Those public purposes can be fulfilled in this case only by restraining the appellees from further withholding the unpaid compensation."

See also: Shultz v. Parke, 5th Cir. 1969, 413 F.2d 1364, decided July 18, 1969, and cases there cited.

Reversed.