**UNITED STATES of America**
v.
**John Daryl IRWIN.**
**Misc. No. 5101.**

United States District Court,
W. D. Pennsylvania.

Feb. 23, 1971.

Henry G. Barr, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Matson & Rothman, Pittsburgh, Pa., for defendant.

## OPINION

ROSENBERG, District Judge.

The United States of America as prosecutor by motion seeks to compel the defendant, John Daryl Irwin, to provide it with handwriting exemplars. The defendant refused to do so, on the basis that such a demand is violative of his Fifth Amendment privilege against self-incrimination.

On November 10, 1970, the defendant was arrested on a complaint charging him with interstate transportation of a falsely made and forged security in violation of 18 U.S.C. § 2314. Subsequently, a hearing was held before a United States Commissioner who held that probable cause existed for the arrest and held the defendant for court.

■ The Fifth Amendment privilege against self-incrimination encompasses the right of an individual to refuse to offer either communications or testimony which might tend to incriminate him. Gilbert v. California, 388 U. S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967). Distinguished from this type of evidentiary matter is the fact that an individual cannot assert this privilege by refusing to reveal his general physical characteristics. As was stated in Schmerber v. California, 384 U.S. 757, 764, 86 S.Ct. 1826, 1832, 16 L.Ed.2d 908 (1966), " * * * both federal and state courts have usually held that it offers no protection against compulsion to submit to fingerprinting, photographing, or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture. The distinction which has emerged, often expressed in different ways, is that the privilege is a bar against compelling 'communications' or 'testimony,' but that compulsion which makes a suspect or accused the source of 'real or physical evidence' does

not violate it." However, the area of delineation between testimonial communications and physical characteristics is often quite narrow and vague.

■ In holding that this taking of handwriting exemplars did not violate the Fifth Amendment privileges, the Court in Gilbert, supra, held that "The taking of the exemplars did not violate petitioner's Fifth Amendment privilege against self-incrimination. The privilege reaches only compulsion of 'an accused's communications, whatever form they might take, and the compulsion of responses which are also communications, for example, compliance with a subpoena to produce one's papers,' and not 'compulsion which makes a suspect or accused the source of "real or physical evidence" * * *.' * * * One's voice and handwriting are, of course, means of communications. It by no means follows, however, that every compulsion of an accused to use his voice or write compels a communication within the cover of the privilege. A mere handwriting exemplar, in contrast to the content of what is written, like the voice or body itself, is an identifying physical characteristic outside its protection. * * * " Accordingly, it is obvious that the taking of handwriting exemplars may be compelled. United States v. Izzi, 427 F.2d 293, C.A. 2, 1970, cert. den. 399 U.S. 928, 90 S.Ct. 2244, 26 L. Ed.2d 794 (1970).

In opposition to the motion, the defendant relies on United States v. Green, 282 F.Supp. 373 (S.D.Ind.1968), where the Government sought to compel the defendant to produce handwriting exemplars. In denying the motion it was held that since the defendant had been employed by the Government, examples of his handwriting were readily available to the prosecution, and that "What is here sought is an exemplar displaying selected phrases allegedly germane to his case." 282 F.Supp. at 375. The facts of the Green case are not applicable to the present case, since there has been no showing that the Government is in possession of what which it now seeks.

What is sought here, like the voice or body itself, is an identifying characteristic outside the protection of the Fifth Amendment. Schoenbrun v. United States, 403 F.2d 56, C.A. 5, 1968. Accordingly, the Government's motion will be granted.