**UNITED STATES of America,**
**Plaintiff,**

v.

**Phillip L. ROGERS et al., Defendants.**

**No. 71–CR–12.**

United States District Court,
E. D. Wisconsin.

June 21, 1971.

David J. Cannon, U. S. Atty., by Terry E. Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

(Rogers) Darryl K. Nevers, Milwaukee, Wis. (Spotts) Robert J. Lerner, Milwaukee, Wis. (Jackson) E. T. Kroog, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

In this action there are three defendants who are charged in a 12-count indictment involving allegedly forged money orders. Not all of the counts involve all three defendants, but each defendant is named in three or more of the counts. All except two of the counts name two of the defendants.

There are now before the court 14 motions. The government has moved that the court order the defendants Rogers and Spotts to furnish exemplars of their handwriting. The defendants have moved for discovery, inspection, production of exculpatory evidence, bills of particulars, production of grand jury minutes, severance of defendants, severance of counts, and, finally, the defendant Rogers asks for an enlargement of time in which to file motions.

The government's response to the demand for inspection, discovery, and production of exculpatory evidence renders such motions by the defendants moot.

The motions for severance, both as to counts and defendants, should not be granted. The joinder of the three defendants is appropriate under Rule 8(b), Federal Rules of Criminal Procedure; there would appear to be a "series" of transactions which were part of a common plan. United States v. Daddano, 432 F.2d 1119, 1125 (7th Cir. 1970).

On the face of the indictment, the offenses charged against the defendants appear to be closely related in time and manner so as to show a connection between them. See United States v. Thomas Apothecary, Inc., 266 F.Supp. 890, 892 (S.D.N.Y.1967). In United States v. Welsh, 15 F.R.D. 189, 190 (D. C.1953), the court stated:

"* * * different unconnected offenses not arising out of the same series of transactions may not be joined in an indictment in which two or more defendants are charged."

I conclude that the joinder of these defendants and these counts is proper and also that the defendants have failed to show that such joinder will result in actual prejudice to one or more of the defendants.

With reference to the motions for production of the grand jury minutes, the court will follow the procedure outlined in United States v. Cullen, 305 F.Supp. 695, 700 (E.D.Wis.1969), where it was stated that, in the absence of a showing of particularized need,

"[T]he court deems it desirable that the defendant be permitted to examine grand jury minutes of proposed witnesses 24 hours before the trial."

See also United States v. Machi, 324 F. Supp. 153, 154 (E.D.Wis.1971).

With reference to the motions for bills of particulars, it is my opinion that the government's offer to make its investigative reports available to the defendants and their counsel obviates the need of granting such motions.

The defendant Rogers' motion for an enlargement of time to file motions under Rule 16 is premised upon the pros-

pect that the United States attorney will not permit defense counsel to inspect its files; in view of the government's representations in that regard, such motion would appear to be moot.

■ The government's motion for the production of exemplars of the handwriting of the defendants Rogers and Spotts is based upon the contention that its proof will relate to certain documents containing "handwriting, the authorship of which is highly material." The government's need for exemplars and the reasonableness thereof is amply apparent at this time. I am persuaded that the order compelling these defendants to furnish handwriting exemplars violates neither their fourth nor fifth amendment rights. Davis v. Mississippi, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969); Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967); Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed. 2d 908 (1966); but see United States v. Green, 282 F.Supp. 373 (S.D.Ind. 1968). I conclude that the government is entitled to an order directing both Mr. Rogers and Mr. Spotts to submit exemplars of their handwriting for examination.