**UNITED STATES of America,**
**Plaintiff,**

v.

**Donald B. GUERTS et al., Defendants.**

**No. 71-CR-72.**

United States District Court,
E. D. Wisconsin.

July 26, 1971.

David J. Cannon, U. S. Atty., by Terry E. Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Robert J. Lerner, Milwaukee, Wis., for Starlyn Guerts & Melbourne R. Murray.

Barry Haight, Boston, Mass., for John E. Mills.

Franklyn M. Gimbel, Milwaukee, Wis., for Donald B. Guerts.

Peter C. Linzmeyer, of Quarles, Herriot, Clemons, Teschner & Noelke, Milwaukee, Wis., for Robert Joseph Magro.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

This decision will consider various pretrial motions of the defendants.

Mr. Magro has moved for severance and a separate trial. Mr. Mills has moved for a bill of particulars, a disclosure of wiretap recordings, a disclosure of "inducements, promises and payments" made to a prospective government witness, a disclosure of the record of convictions of any witnesses who testified before the grand jury, the delivery of statements made by the defendant Mills which are in the possession of the government, an inspection of grand jury minutes, the furnishing of names and addresses of witnesses who were

examined by the grand jury, and also an order sequestering witnesses who are called to testify at the trial.

The defendants Starlyn Guerts and Melbourne Murray have moved that they be supplied with a transcript of testimony given by any witness before the grand jury who will be called to testify at the trial, for a bill of particulars, for copies of any statements or confessions made by the defendants, and for copies of any reports of scientific tests or experiments made by the government, for the production of any exculpatory evidence, and for severance and separate trials.

The defendant Donald Guerts' motions seek the production of the grand jury minutes as to any witness whom the government intends to call at the time of the trial, for severance and separate trials, for discovery and inspection, and for a bill of particulars.

The indictment in this case charges that the defendants between certain dates as early as September, 1970 and as late as April, 1971 "did receive, conceal, store, barter, sell and dispose of" certain motor vehicles which were moving as interstate commerce. Each count charges a violation of 18 U.S.C. §§ 2313 and 2.

In response to the defendants' pretrial motions, the government has advised the court that it has

" * * * made its complete investigative files available to the defendants and their respective counsel, and will continue to make subsequently received investigative reports available for their inspection."

This, in my opinion, renders moot many of the defendants' motions.

With reference to the motions for severance, it is contended that involvement with the other defendants will confound the trier of fact and taint the movants with the conduct of others. The court is urged to grant severance on the ground that the weak case against one defendant may be unfairly buttressed by the government's ability to show the greater involvement of a co-defendant. It is also suggested that there may be conflict between the defendants in their defenses.

In my opinion, the defendants seeking severance have not adequately established their entitlement thereto. See United States v. Rogers, 329 F.Supp. 327 (decided June 21, 1971). The joinder of these defendants would appear appropriate under Rule 8(b), Federal Rules of Criminal Procedure. The Wisconsin Supreme Court has recently commented on joint criminal trials, observing that it is a technique which avoids repetitious litigation and facilitates the speedy administration of justice. Lampkins v. State, 51 Wis.2d 564, 187 N.W.2d 164 (1971). In the case at bar, I am not persuaded that there are in fact antagonistic defenses or that justice otherwise dictates the need for severance; thus, the motions for severance will be denied.

With reference to the motions for production of grand jury minutes, this court will apply the technique set forth in United States v. Cullen, 305 F. Supp. 695, 700 (E.D.Wis.1969). Accordingly, the motions for production of the grand jury minutes will be denied.

Regarding the motion to sequester witnesses at the trial, the court deems such motion to be inappropriate at this time. As a matter of practice, this court has uniformly granted such motions when made orally at the commencement of trial.

Although any "inducements" which the government may have made to any prospective witness would probably be disclosed to counsel for the defendants upon their inspection of the government's file, I nevertheless think it preferable that the court expressly grant this motion made by the defendant Mills. The same also applies to Mr. Mills' application to have the government re-

quired to furnish him with the names and addresses of the witnesses examined before the grand jury.

Now, therefore, it is ordered that the several motions referred to at the outset of this decision, be and hereby are denied except that the motions of the defendant Mills for disclosure of inducements to witnesses and for an order requiring the government to furnish the names and addresses of the witnesses who were examined on this subject before the grand jury be and hereby are granted.

It is also ordered that the motion to sequester witnesses at the trial be and hereby is denied without prejudice.