**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Andrew ROSENBERG, Defendant-
Appellant.**

**No. 71–2781
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

April 20, 1972.

Rehearing Denied May 10, 1972.

Morton A. Orbach, Miami, Fla.
(court appointed), for defendant-appellant.

* [1] Rule 18, 5 Cir.; see Isbell Enterprises,
Inc. v. Citizens Casualty Company of New

York et al., 5 Cir. 1970, 431 F.2d 409,
Part I.

Robert W. Rust, U. S. Atty., Miami, Fla., Marsha L. Lyons, Asst. U. S. Atty., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge:

Andrew Rosenberg was charged under a one-count indictment returned on February 4, 1971, with a violation of the Dyer Act, Title 18, U.S.C., Section 2312, interstate transportation of a stolen automobile. At his arraignment on February 18, 1971, Rosenberg entered a plea of not guilty. Rosenberg's motion to suppress was denied on February 22, 1971, at which time he withdrew his not guilty plea and entered a plea of nolo contendere. The nolo contendere plea was accepted by the district court and after additional testimony was received from F.B.I. Special Agent Kenneth Schiewe, Rosenberg was adjudged guilty and enlarged on bail to await sentence. Sentence was deferred pending presentence investigation and report. Rosenberg subsequently failed to appear April 29, 1971, pursuant to notice to present himself for sentence, and a bench warrant was issued. On September 7, 1971, the district court imposed a committed three-year sentence. This appeal timely followed. We affirm.

## LEGAL EFFECT OF THE NOLO CONTENDERE PLEA

Following special agent Schiewe's testimony on February 22, 1971, a discussion took place in open court regarding the effect of the nolo contendere plea upon Rosenberg's preserving his objections to the evidence found admissible by the district court upon the motion to suppress:

"THE COURT: Are there any questions, sir?

MR. ORBACH: [1] No, your Honor. For the purpose of the record, I assume that our objection to these statements of the defendant is a continuing objection?

THE COURT: Yes, sir. Do you have any other testimony?

MR. HAUSER: [2] No further questions.

THE COURT: Do you have any other witnesses?

MR. HAUSER: No, sir, I do not.

MR. ORBACH: I might say that we have a continuing objection to anything to which we objected under the motion to suppress.

THE COURT: Yes, sir, you will. Considering the evidence which was adduced on the motion to suppress, together with the evidence which has just been stated to the Court, the Court is of the opinion and finds the defendant Andrew Rosenberg guilty of the offense charged in the indictment. *For appellate purposes, however, so that the defendant's rights may be protected,* I have specifically stated that I am considering all of that evidence. I would be doubtful whether or not without that evidence there would be sufficient to justify a verdict of guilty." (Emphasis supplied)

In United States v. Grayson, 5 Cir. 1969, 416 F.2d 1072, cert. denied 1970, 396 U.S. 1059, 90 S.Ct. 754, 24 L.Ed.2d 753, we observed:

"Additionally, since the judgment of conviction is based on a plea of nolo contendere, the legal equivalent of a guilty plea, the plea is an admission of guilt and a waiver of all non-jurisdictional defects, including the right to object to delay in trial under F.R. Crim.P. 48(b) or the Sixth Amendment. United States v. Doyle, 2 Cir. 1965, 348 F.2d 715, cert. denied [1965,] 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965)." 416 F.2d at 1077.

In Jaben v. United States, 8 Cir. 1964, 333 F.2d 535, the Court held that the de-

---

1. Rosenberg's counsel.

2. The Assistant United States Attorney.

fendant was not barred from asserting the statute of limitations as a defense to an indictment for income tax evasion by the entry of a plea of nolo contendere. Without discussing the effect of the nolo contendere plea, the Supreme Court addressed itself to the merits of Jaben's limitations theory. Jaben v. United States, 1965, 381 U.S. 214, 85 S.Ct. 1365, 14 L.Ed.2d 345.

Because of the uncertainty implicit in the treatment afforded *Jaben*, and considering the understanding, whether legally correct or not, arrived at in this case between the district court and defense counsel regarding the legal effect of the nolo contendere plea, we proceed to examine the matters presented to the district court in support of the motion to suppress.[3]

## THE SEARCH AND SEIZURES QUESTION

On January 1, 1971, the manager of the Marlin Beach Hotel, located in Fort Lauderdale, Florida, summoned the city police. Detective Sam Vietro responded to the call and was advised by the manager that during the previous evening a firearm had been discharged in Room 201–A. The hotel registration book reflected that the room was occupied by one Clarence Bayer, who was driving a 1967 Ford Station Wagon bearing Ohio license plate number FB–192. Detective Vietro and a brother officer, Detective Bacher, approached Rosenberg and another person (previously identified as the occupants of Room 201–A) in the hotel restaurant. The two detectives asked Rosenberg and his companion, identified later as Bayer, if they occupied Room 201–A. After Rosenberg and Bayer answered affirmatively, they were placed under arrest, patted down for weapons and removed to the manager's office. In the manager's office, Rosenberg produced false identification in the name of Michael C. Murphy of Cleveland, Ohio. Bayer produced identification in his own name. The police offi-

cers then searched Rosenberg more extensively and found a wallet and an automobile key in Rosenberg's pocket. Rosenberg and Bayer were taken to the police station by Detective Vietro's companion. A short time later, Detective Vietro located on the hotel parking lot the 1967 Ford Station Wagon bearing Ohio tag number FB–192. He determined that the key taken from Rosenberg fit the vehicle, and had it towed to a public parking facility. On January 2 or 3, 1971, it was learned that the Ford Station Wagon was stolen. Two additional sets of license tags were found in the vehicle, both of which checked out as stolen.

■ Rosenberg argues that his arrest in the hotel's restaurant by Detectives Vietro and Bacher was unlawful because accomplished without a warrant. He reasons that but for the arrest, Detective Vietro would not have found the key to the stolen automobile, thereby rendering the license tags found in the vehicle inadmissible. We find this argument unpersuasive. When Detectives Vietro and Bacher approached Rosenberg and Bayer, they had reasonable cause to believe they were dealing with armed individuals. Under Terry v. Ohio, 1968, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, the police officers were justified, under the circumstances, in conducting a quick frisk of Rosenberg, moving him out of the public restaurant to the manager's office, and then searching him more carefully.

The only physical evidence which the government sought to introduce at trial was the license tags taken from the vehicle. Once it had been towed to the parking facility, it was routine procedure to inventory the vehicle's contents jointly with a representative of the parking establishment. It was thereafter under the circumstances present perfectly proper to investigate the license plates found in it. Rosenberg's motion to suppress these license tags as evidence was correctly denied.

---

3. The only substantial arguments advanced on this appeal.

## THE CUSTODIAL INTERROGATION ISSUE

After Detective Vietro and his companion escorted Rosenberg and Bayer to the manager's office in the Marlin Beach Hotel, Detective Vietro gave an advice of rights to the suspects. Detective Vietro then asked Rosenberg for identification and asked him where the car noted on the registration form was located. Rosenberg denied having a car.

On January 4, 1971, three days thereafter, while Rosenberg and Bayer were still held by Fort Lauderdale authorities on state charges, F.B.I. Special Agent Schiewe interviewed Rosenberg in the Fort Lauderdale police station. Special Agent Schiewe first orally advised Rosenberg of his rights and then presented him with a written form waiving his rights framed under the 1966 decision of the Supreme Court in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694. Rosenberg signed the form and made an incriminating oral statement to the special agent. Following his discussion with Mr. Schiewe, Rosenberg gave a written statement to Detective Vietro.

Rosenberg argues in this Court that the advice as to his rights given by Detective Vietro in the hotel on January 1, 1971, was constitutionally insufficient because Rosenberg was not explicitly told at that time that he had the right to the immediate presence of an attorney and that the government would furnish an attorney for him if he could not afford one. He centers his attack on the statement given to the F.B.I. special agent as involuntary because the agent told Rosenberg, upon inquiry, that the Bureau was accustomed to pay for information furnished on the basis of its value.

 Whether or not the initial *Miranda* warning given by Detective Vietro on January 1, 1971, was completely adequate from a technical standpoint because of failure to make clear the immediate right to counsel is of no real meaning in the present context. The sole statement made by Rosenberg was that he had no car. Vietro already had possession of the key and located the station wagon (later identified as stolen) without the benefit of any information from Rosenberg. In view of the nolo plea, Rosenberg's denial of knowledge as to a car is without import.

◼ The appellant fares no better in his claim as to the oral and written statements of January 4 to Schiewe and Vietro. The statement that the Bureau often paid for information on the basis of value was elicited by a question from Rosenberg, and was accompanied with a statement that this was no time to discuss such matters. He was not offered any reward to make a statement and nothing was paid to him. Special Agent Schiewe very reasonably gave a truthful answer to Rosenberg's question. It is difficult to perceive what other course he should have taken. The conversational exchange in no way rendered inadmissible the contents of Rosenberg's statements to the two officers.

The judgment is

Affirmed.