**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Alberto LOPEZ and Jorge Roman Torres,
Defendants-Appellants.**

No. 71–3227.

United States Court of Appeals,
Fifth Circuit.

June 6, 1972.

**500**

Martin S. Saxon, Louis Stoskopf, Miami, Fla., for defendants-appellants.

Robert W. Rust, U. S. Atty., Harold F. Keefe, Miami, Fla., Mervyn Hamburg, Atty., Crim. Div., Appellate Sec., U. S. Dept of Justice, Washington, D. C., for plaintiff-appellee.

Before WISDOM, THORNBERRY and GODBOLD, Circuit Judges.

PER CURIAM:

Appellants were indicted for conspiring to possess with intent to distribute and for possession of approximately one kilogram of heroin in violation of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. §§ 841 (a) (1) and 844. The conspiracy count was dismissed and appellants plead *nolo contendere* to the possession count. Lopez was sentenced to four months in prison and Torres to six months.

Lopez and Torres assert two points on appeal, first that 21 U.S.C. § 844 is unconstitutional and secondly that they should not have been convicted pursuant to their *nolo* plea. In view of some doubt that presently exists as to whether a *nolo* plea preserves the right to appeal on certain issues, see United States v. Rosenberg, 5th Cir., 458 F.2d 1183 (1972), we shall deal with the first point. The second is meritless.

Subsequent to the filing of briefs in this case, this Court decided United States v. Lopez and Llerena, 5th Cir. 459 F.2d 949 (1972). In that case Title II of the Comprehensive Drug Abuse Prevention and Control Act was challenged on the same ground that it is in the case before us, that its enactment exceeded Congress' constitutional power by creating federal narcotics offenses that do not require proof of a specific nexus with interstate commerce as a prerequisite for conviction. This Court held the Act constitutional. The only distinction between *Lopez and Llerena* and the instant case is that it involved §§ 841(a) (1) and 846 of the Act instead of § 844. This distinction is not significant. *Lopez and Llerena* clearly controls the case before us. *See* Perez v. United States, 402 U.S. 146, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971); United States v. Nelson, 5th Cir., 458 F.2d 556 (1972).

Affirmed.