**UNITED STATES of America,**
**Plaintiff,**

v.

**Albert E. HERRMANN and William Peters, a/k/a Henry Conrad, Defendants.**

**No. 73–Cr–206.**

United States District Court,
E. D. Wisconsin.

Jan. 10, 1974.

David B. Bukey, U. S. Atty., by Terry E. Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Francis J. Demet, Milwaukee, Wis., for Herrmann.

Dennis P. Coffey, Milwaukee, Wis., for Peters.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved to dismiss, to sever, to discover and to suppress; the government has moved for an order compelling the production of a second non-testimonial voice exemplar from one of the defendants for purposes of comparison.

The defendants, Albert Herrmann and William Peters, are the subject of a six count indictment. Mr. Herrmann is charged, individually, in the first four counts with distributing various amounts of "a mixture containing her-

oin", in violation of 21 U.S.C. § 841(a)(1). In count five, Messrs. Peters and Herrmann are charged with the importation of heroin, in violation of 21 U.S.C. § 952(a). Count six charges the two defendants with possession with the intent to distribute approximately 248.8 grams of "a mixture containing heroin", in violation of 21 U.S.C. § 841(a)(1).

The parties' positions with regard to the several motions have been fully briefed. I conclude that all of the defendants' motions should be denied. I also conclude that the government's motion for an order compelling the defendant Peters to produce a second non-testimonial voice exemplar need not be reached; for purposes of this prosecution, the government is entitled to use the first voice exemplar obtained from Mr. Peters, pursuant to a court order of September 17, 1973, in connection with the grand jury investigation of a collateral matter.

## I. THE DEFENDANTS' MOTIONS TO DISMISS

■ The prohibition of 21 U.S.C. § 841(a)(1) is directed at the possession of a "controlled substance" with the "intent to distribute". The defendant Peters contends that this section does not provide with enough specificity the standard to be applied in making the determination of whether or not the requisite intent exists.

In United States v. Mather, 465 F.2d 1035 (5th Cir. 1972), cert. den. 409 U.S. 1085, 93 S.Ct. 685, 34 L.Ed.2d 672 (1972), proof that one was in possession of 197.75 grams of a controlled substance, without more, was deemed sufficient to make out a prima facie case of possession with the intent to distribute such substance for purposes of § 841(a)(1). Although the vagueness issue raised by Mr. Peters has not been specifically reached by them, other circuit courts have also found § 841(a)(1) to be constitutional. See United States v. Wilkerson, 478 F.2d 813 (8th Cir. 1973); United States v. Rodriguez-Comacho, 468 F.2d 1220 (9th Cir. 1972); United

States v. Alberto Lopez, 461 F.2d 499 (5th Cir. 1972); United States v. Amado Lopez, 459 F.2d 949 (5th Cir. 1972); and United States v. Scales, 464 F.2d 371 (6th Cir. 1972). Therefore, I conclude that Mr. Peters' motion to dismiss count six of the instant indictment should be denied.

■ "Heroin" is described in Schedule I(b)(10), 21 U.S.C. § 812(c), as a "controlled substance" for purposes of § 841(a)(1); however, in no place is "a mixture containing heroin" so characterized. The defendant Herrmann claims that all six counts of the instant indictment should be dismissed since they charge him variously with the distribution, importation and possession with intent to distribute of but "a mixture containing heroin", as opposed to "heroin".

I do not believe that Congress could have intended such a narrow construction. I conclude that "a mixture contaning heroin" comes within the purview of § 841(a)(1) as a "controlled substance". See United States v. Pisano, 193 F.2d 355 (7th Cir. 1951).

The defendant Herrmann points to the fact that other subsections of 21 U.S.C. § 812(c) refer to "[a] mixture . . . which contains any quantity of . . ." certain substances as being "controlled substances". E. g., see Schedule I(c), 21 U.S.C. § 812(c). However, a reading of the entire schedule of "controlled substances", for purposes of § 841(a)(1), reveals no place besides Schedule I(b)(10), where "heroin" is mentioned. It is my conclusion that the words "a mixture containing" do not change the nature of the offenses charged.

■ Finally, the defendant Peters has moved to dismiss the instant indictment on the grounds that the prosecution improperly presented only hearsay testimony to the grand jury that returned the instant indictment. This motion should also be denied, for the reasons stated by the United States Supreme Court in Costello v. United States,

350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956).

## II. THE DEFENDANTS' MOTIONS FOR SEVERANCE

The defendants have moved this court for orders severing this case both as to the counts and as to the defendants. The government has countered with the assertion that it intends to offer proof at trial that the defendants were involved in a common plan or scheme to distribute heroin which was illegally imported into this country. I believe that the government's allegation of the existence of a common plan creates a nexus between the two defendants and the several counts which are sufficient to overcome the defendants' allegations of misjoinder and of prejudicial joinder.

The defendants have thus far failed to demonstrate prejudice sufficient to justify a severance either as to themselves or as to the counts. Mere speculation as to the probability of the government offering statements of a co-defendant, or of the co-defendant testifying at trial in his own behalf, are not sufficient to justify severance under Rule 14, Federal Rules of Criminal Procedure. See United States v. Cervantes, 466 F.2d 736 (7th Cir. 1972); United States v. Hutul, 416 F.2d 607 (7th Cir. 1969); United States v. Kahn, 381 F.2d 824 (7th Cir. 1967).

## III. THE DEFENDANTS' MOTIONS FOR DISCOVERY

With regard to the defendants' various motions for discovery, it is noted that the government has voluntarily disclosed to the defendants its investigative file in this case. Therefore, the defendants' motions for bills of particulars and for the production of exculpatory evidence, among others, appear to be moot at this point. See United States v. Rogers, 329 F.Supp. 327 (E.D.Wis. 1971), aff'd 475 F.2d 821 (7th Cir. 1973). To the extent that records of similar crimes or of past criminal conduct are contained in the government's file and may be used by the government, they have thus been opened for the defendants' inspection.

Secondly, the government has indicated that it will produce the grand jury minutes in this case in accord with the requirements of United States v. Cullen, 305 F.Supp. 695 (E.D.Wis. 1969). While the defendant Herrmann requests such production a full 14 days in advance of trial, *Cullen* requires such disclosure only 24 hours prior to trial. No showing has been made that the temporal limitations set out in *Cullen* should not be applicable here.

Thirdly, in response to the defendants' motions for the production of the applications for and the orders authorizing the interception of wire communications, as well as the production of any and all communications intercepted, pursuant to 18 U.S.C. § 2518(10)(a), the government has given counsel for the defendants an opportunity to inspect the originals of such applications and authorizations. As will be discussed, *infra*, I intend to uphold the validity of those applications and orders authorizing the interception of wire communications. The government has indicated that it will make available to counsel those portions of the transcripts of the intercepted wire communications in which each of the defendants' communications are contained.

Fourthly, the defendant Herrmann has filed motions which are aimed at forcing the government to disclose and to produce is informant. See Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). The government has agreed to produce the informant at least three weeks in advance of trial for defense counsel to interview in connection with their trial preparations.

On the basis of the government's response to the defendants' various discovery demands, and consistent with the limitations outlined in the cases cited above, I believe that the defendants' several motions have been rendered moot and should be denied.

## IV. THE DEFENDANTS' MOTIONS TO SUPPRESS

■ The defendants have moved to suppress certain evidence which was obtained as a result of the wire interceptions. I must determine whether, at the time of its application to the court, the government made a sufficient showing that other investigative procedures would be ineffective, as required by 18 U.S.C. § 2518(1)(c).

■ The affidavit of the investigating agent which accompanied the government's original wire-tap application on April 5, 1973, and again on April 25, 1973, in connection with the government's application for an extension, are supportive of Judge John W. Reynolds' finding that other investigative procedures had been used and were ineffective for purposes of garnering the information sought by way of the wire tap. Both the original application and the extension petition were, on each occasion, supported by the requisite documents from the attorney general and the assistant attorney general of the United States. See 18 U.S.C. § 2518(5). Each set of these documents was tailored to fit each application and each set was made a part of the orders signed by Judge Reynolds on April 5 and on April 25, 1973, respectively. Under these circumstances, I conclude that the defendants' motions to suppress the wire tap evidence must be denied.

■ The defendants have also moved to suppress the evidence seized in the execution of search warrants for Mr. Herrmann's automobile and residence. It is contended that the personal knowledge of the government agent which was recorded at the time he originally testified before a magistrate in support of the issuance of the search warrants was insufficient to establish "probable cause". It is urged that there was no reasonable nexus in time between his observations of the defendant Herrmann, which extended over a period of six months, and the circumstances which existed at the time the warrants were issued.

It is also argued that the information which was provided by an unnamed informant to that government agent and by that agent to the magistrate suffers from the same temporal infirmities and cannot constitutionally be the basis for the finding of "probable cause". Finally, it is the defendants' viewpoint that since the record of the testimony of the government agent does not suggest in any way how the informant came into possession of the information which he passed on to the government agent, there was no basis for the magistrate's having credited the informant's statements in arriving at the finding of probable cause.

The parties have indicated that no factual question exists with regard to this motion to suppress. The face of the search warrants, as well as the transcript of the probable cause hearing which was had before the magistrate at the time of their issuance, stand as the facts upon which I must determine the issue of probable cause. I conclude that sufficient probable cause did exist to justify the issuance of the challenged search warrants.

The record submitted discloses that an ongoing series of activities was involved. Secondly, it shows that on each of the four occasions, over a period of six months, when the agent met with the defendant Herrmann, the latter drove the subject car. Thirdly, it was Mr. Herrmann's announced *modus operandi* to go first to his residence, obtain the heroin, and then meet with the agent at a mutually convenient location. Fourthly, Mr. Herrmann told the agent on several occasions that he would have to go "dig up the heroin" at his place. Finally, on the very evening before the hearing for probable cause, while they were in the presence of one another, Mr. Herrmann advised the agent that he had six ounces of heroin, of which the agent could have two, and that Mr. Herrmann would go back to his house and get the ounce

or two then, or the agent could call him and he would bring it from his house.

In addition, on the basis of information which was given to him by a person whom he claimed to be a reliable informant, and whose information he testified had been corroborated by him on several occasions, the agent described to the magistrate, in detail, certain specific places on or about the Herrmann residence and automobile where heroin was alleged to be secreted.

Under these circumstances, I find that the magistrate could properly find probable cause sufficient to support the issuance of the challenged search warrants. Also, there was probable cause to believe that heroin would in fact be found in the place detailed in each of the search warrants at the time they were issued. It follows that the defendants' motions to suppress certain evidence obtained as the result of the challenged search warrants should also be denied.

## V. THE GOVERNMENT'S MOTION TO PRODUCE VOICE EXEMPLARS

On September 17, 1973, Judge Reynolds ordered that voice exemplars be given by the defendant Peters in conjunction with an investigation, unrelated to this case, which was being conducted by the special grand jury. Judge Reynolds' order prohibited the use of those voice exemplars in the prosecution of the instant case.

■ On December 6, 1973, the government applied to this court for an order compelling the defendant Peters to supply a second voice exemplar, this time for use by the government in the prosecution of this case. The government maintains that the identification of several unknown voices contained on the wire communication intercepted pursuant to the court ordered wiretap spanning April 5 to May 10, 1973, inclusive, is highly material to its proof. Accordingly, it desires to obtain a second voice exemplar from the defendant Peters and

to submit them to the voice identification unit of the Michigan state police for comparison with those unidentified voices. A problem arises because for such new voice exemplars to be given oral and spectrographic analysis would require from 10 to 12 weeks.

On the one hand, it appears that no reason exists for the government's having waited from September 17 to December 6, 1973, before applying to this court for a second voice exemplar. On the other hand, the government is ordinarily entitled to obtain a non-testimonial voice exemplar from a defendant, even at the post-indictment stage, where such an exemplar is used solely for purposes of comparison and identification. See United States v. Rogers, 329 F.Supp. 327 (E.D.Wis.1971), aff'd 475 F.2d 821 (7th Cir. 1973).

■ A problem arises, however, with regard to granting the government's request for a second voice exemplar from Mr. Peters, since Mr. Herrmann has remained incarcerated since June, 1973. The projected 10 to 12 weeks of voice analysis should be avoided if possible. Therefore, I believe that the government should be permitted to use the first non-testimonial voice exemplar which was obtained from Mr. Peters and analyzed earlier in connection with the grand jury investigation of a collateral matter. The government is entitled to obtain a voice exemplar for purposes of comparison only, and the obtaining of a second voice exemplar, necessitating a new analysis, would serve no useful or further purpose. Of course, counsel and experts for the defendants will be permitted to inspect both the first voice exemplar and the expert analysis thereof for purposes of preparation of their defense and in order to assure the court that that exemplar is in fact non-testimonial in nature and is used by the prosecution for purposes of comparison only.

Therefore, it is ordered that the defendants' motions to dismiss, to sever, to discover, and to suppress be and hereby are denied.

It is also ordered that the government's motion for the production of a second voice exemplar from the defendant Peters be and hereby is denied, it having been determined that no need therefor exists. The government is entitled to utilize, for the purpose of this prosecution, that voice exemplar of the defendant Peters which was obtained by virtue of the court order of September 17, 1973.