**UNITED STATES of America**

v.

**Gene Michael DILLARD.**

**No. 76 CR 716.**

United States District Court,
N. D. Illinois, E. D.

Aug. 12, 1976.

Asst. U. S. Atty., P. W. Lemley, Chicago, Ill., for plaintiff.

Maurice A. Winkler, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

CROWLEY, District Judge.

The Defendant is charged in a two count indictment with (1) theft of goods moving in interstate commerce, Title 18 U.S.C. § 659, and (2) knowingly making a false material declaration during a grand jury investigation of the theft described in Count I.

The Defendant filed various motions for discovery and a request for a bill of particulars. The Government voluntarily responded to most of the requests.

Pending before the Court are two matters, (1) a request for the names of witnesses who have been granted immunity and (2) the timing of the delivery of certain documents to the defendant. As to the first matter the Defendant requested, "the names of any witnesses that have been granted immunity from prosecution", the Government has responded to this request by arguing that they are not required to furnish a list of witnesses, but will *at the time of trial* inform the defendant as to any grants of immunity which may have been made.

This objection misses the mark on both grounds. First, as I read the request, the Defendant is not asking for a list of witnesses. Indeed, if he were this Court would be inclined, under the present state of the law in Federal Courts, to deny it since this is not the type of case in which we would normally grant the request.[1] See: Judge Marshall's remarks, *United States v. Jackson,* 374 F.Supp. 168, 175 fn. 9 (N.D. of Ill., 1974).

However, the Defendant is not requesting a list of witnesses, he is only requesting that the Government inform him of grants of immunity. There are many instances in which the Government may be required to disclose the names of *some* of its potential witnesses. *Will v. United States,* 389 U.S. 90, 98–99, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967). There can be no question that the Defendant is entitled to this information as a matter of due process. *Giglio v. United States,* 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

Therefore, the only question remaining is the time of the disclosure. Since preparation of the defense in a criminal case requires many complex decisions in strategy and preparation, particularly in preparation of cross-examination, it is by far the better practice to require disclosure in advance of trial of those matters to which the Defendant is entitled as a matter of right. Production of statements will have to await the trial itself. Title 18 U.S.C. § 3500. Accordingly, the Government is ordered to answer said request, in writing, on or before August 30, 1976. See: *United States v. Guerts,* 53 F.R.D. 26 (E.D. Wis., 1971); *United States v. Ahmad,* 53 F.R.D. 186, 193–194 (M.D.Pa.1971).

The Defendant has also requested (1) the production for inspection of physical property which the Government intends to introduce in evidence and (2) production of documents showing the interstate character of the shipment allegedly stolen. In the experience of this Court, this type of request is normally satisfied at a conference held pursuant to Local Criminal Rule 2.04, particularly Rule 2.04(e). However, since no statement of compliance with the rule, as required by Rule 2.04(d), was filed with these motions, the Court cannot determine if such a conference was held.

In any event, the Government has consented to the production of the material

---

1. The more enlightened procedure however, clearly calls for the disclosure not only of the names of witnesses, but their statements. See: Illinois Supreme Court Rules 411–415, Chap. 110A, Ill.Rev.Stat. (1971); American Bar Association Standards *Discovery and Procedure Before Trial* § 2.1(a)(i) (1970).

requested "sufficiently in advance of trial to enable the Defendant to thoroughly acquaint himself with it."

This case is presently set for trial on September 27, 1976, and the Court intends to proceed to trial at that time. Title 18 U.S.C. § 3161 et seq. Therefore, the Government is ordered to produce these documents on or before August 30, 1976.