### In re UNCLAIMED BALANCE ACCOUNT CAN 200.

United States District Court,
E.D. Virginia,
Richmond Division.

April 16, 1985.

### OPINION

WARRINER, District Judge.

The Clerk of the Court for the Eastern District of Virginia has requested that certain funds on deposit with the Treasurer of the United States in a Symbol 200 account, an account in the name of and to the credit of the United States District Court for the Eastern District of Virginia, be transferred to a Symbol X600 account, an account in the name of and to the credit of the United States. The Symbol X600 denominated account is generally unclaimed monies.

In support of the request the Clerk has submitted a memorandum dated 28 December 1983 from William M. Nichols, General Counsel, Financial Management Division of the Administrative Office, to Dewey R. Heising, Chief of the Financial Management Division, and a resulting memorandum from Mr. Heising dated 8 February 1984 to the Clerks of all United States District Courts.

The list of accounts submitted by the Clerk with the transfer request itemizing the amount of money on deposit from various lawsuits indicates that all of these funds are for unclaimed wages obtained from employers under provision of the Fair Labor Standards Act [29 U.S.C. §§ 201–219]. However, the precise statutory source of these wages is not identified. From the briefs accompanying the request it appears that the monies were received by the Court from actions brought either un-

der 29 U.S.C. § 216 or under 29 U.S.C. § 217 or that portions were paid into court under one section and other portions under the other.

Under these circumstances the Court does not have sufficient information to determine whether or not it would be appropriate to make the transfer requested by the Clerk.

Section 216 sets out procedures for the disposition of unclaimed funds recovered from actions brought under that section. Section 216(c) provides:

> Any sums thus recovered by the Administrator [Secretary of Labor] on behalf of an employee pursuant to this subsection shall be held in a special deposit account and shall be paid, on order of the Administrator [Secretary of Labor], directly to the employee or employees affected. Any such sums not paid to an employee because of inability to do so within a period of three years shall be covered into the Treasury of the United States as miscellaneous receipts.

Accordingly if the funds the Clerk requested be transferred are those that were recovered under § 216, this Court should not have received or held the funds in any event. They should have been held in "a special deposit account" subject to the order of the Secretary. Deposits of § 216 funds to the credit of the Court was error since such a fund would not be subject to the "order of the [Secretary]." The proper disposition of any such funds on deposit to the credit of the Court is to transfer the money to the Secretary of Labor who can then comply with the provisions of § 216(c) upon the expiration of the requisite three-year period.

Section 217 does not contain any provisions concerning the disposition of unclaimed wages. Section 217 deals with injunction proceedings aimed at enjoining violations by an employer who fails to pay the minimum wage or fails to pay his employees overtime compensation. It has been held that as part of its equity power a court may order the employer to make restitution for unpaid minimum wages and for overtime violations. *See Mitchell v. Robert De Mario Jewelry, Inc.*, 361 U.S. 288, 80 S.Ct. 332, 4 L.Ed.2d 323 (1960); *Wirtz v. Milton J. Wershow Co.*, 416 F.2d 1071, 1072 (9th Cir.1969).

Generally when an award of restitution is made under § 217 the money is entrusted by the Court to the Secretary who sees to it that the aggrieved employees receive compensation. *See Usery v. Godwin Hardware, Inc.*, 426 F.Supp. 1243, 1269 (W.D.Mich.1976). The Secretary of Labor, if he is unable to locate the employees, at times, will submit those unclaimed funds to the court. *See, e.g., Usery*, 426 F.Supp. at 1269. Because there is no statutory provision specifically mentioning the procedure to be followed in § 217 actions, I assume 28 U.S.C. §§ 2041 and 2042 control the disposition of § 217 funds when they have been returned to a court by the Secretary.

Section 2041 provides:

All monies paid into any court of the United States, or received by the officers thereof, in any case pending or adjudicated in such court, shall be forthwith deposited with the Treasurer of the United States or a designated depository, in the name and to the credit of such court.

This section shall not prevent the delivery of any such money to the rightful owners upon security, according to agreement of parties, under the direction of the court.

Section 2042 provides:

No money deposited under § 2041 of this title shall be withdrawn except by order of court.

In every case in which the right to withdraw money deposited in court under § 2041 has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to any such money may, on petition to the court and upon notice to the United States attorney and

full proof of the right thereto, obtain an order directing payment to him.

Reading §§ 2041 and 2042 together establishes that funds received from the Secretary by the court in a § 217 action must be deposited with the Treasurer or with a designated depository in the name of and to the credit of the court. Once deposited the money must remain deposited as provided by § 2041 to the name of and to the credit of the court for five years unless it is earlier claimed by a claimant entitled to the funds. Only after the end of five years may the unclaimed funds be deposited to the credit of the United States.

The memo from Mr. Nichols mentioned above cites *Hodgson v. Wheaton Glass Co.*, 446 F.2d 527, 535–36 (3d Cir.1971) and *Usery v. Godwin Hardware*, 426 F.Supp. 1243, 1269 (W.D.Mich.1976) for the proposition that when § 217 funds are paid to a clerk of the court by the Secretary, the clerk may "deposit the unclaimed wages into the Treasury 'forthwith,' to be held for the missing claimants. It is not necessary for the clerk to hold this type of money for five years under 28 U.S.C. § 2042." The memorandum from Mr. Heising expands upon this direction, citing the same cases, saying that "the Clerk of the Court may deposit unclaimed wages into the Treasury without holding them for five (5) years." Mr. Heising further advises that such § 217 funds should be deposited to the credit of the United States in the Symbol X600, Payment of Unclaimed Monies Account.

The memo from Mr. Nichols asserts that "[a]s far as the court is concerned, the money is 'claimed' and is out of the judicial system" when the § 217 money was initially reposed in the Secretary of Labor and therefore, Mr. Nichols opines, the five-year period prescribed under § 2042 is inapplicable. This assertion, I believe, is incorrect.

The only persons that could assert a statutory "claim" for the money would be those employees whose wages were unlawfully withheld, the Secretary's only function is to facilitate delivery of the funds to such claimants. Section 2041 speaks in terms of "rightful owners," section 2042 speaks of the "person entitled" and "claimant entitled"—these terms are intended to describe the injured employees rather than the Secretary who can assert no claim or entitlement.

Mr. Nichols and Mr. Heising both, I believe, misconstrue the holdings in *Hodgson* and *Usery*. Rather than saying that the provisions of § 2042 are inapplicable, the holdings specifically say the provisions are applicable. *See Hodgson* 446 F.2d at 535; ("If the Court receives the funds under these provisions [§ 2041, 2042] the money will remain on deposit with the Treasurer of the United States subject to withdrawal, by court order, on a petition by a claimant"); *Usery*, 426 F.Supp. at 1269 (The money "shall be deposited with the Clerk of this Court, who shall be directed to forthwith deposit such money with the Treasurer of the United States pursuant to 28 U.S.C. § 2041).

I agree with *Hodgson* and *Usery* but not with the Administrative Office's interpretation of these cases. The Court does not dispute Mr. Nichols' contention that the funds should be deposited into the United States Treasury "forthwith." However, I disagree with the implication in the memos of both Mr. Nichols and Mr. Heising that the requirement of § 2042 that the funds be deposited to the name and credit of the United States District Court can be ignored. Temporary shunting § 217 funds to the Secretary for efficient distribution does not repeal the clear direction of §§ 2041 and 2042 when the funds are returned to the court—as properly they should be. Accordingly when § 217 funds are returned to the court by the Secretary, the court must deposit such funds with the Treasurer of the United States or another designated depository in the name of and to the credit of such court. A transfer of funds to Symbol X600 is not appropriate because that account is to the general credit of the United States rather than to the credit of the court. Five years from the date of original receipt, pursuant to the injunctive order, the court may direct deposit in the

Treasury of the United States in the name of and to the credit of the United States.

The Clerk of the Court is DIRECTED to determine which of the sums set forth in his request are § 216 and which are § 217 funds. Such monies as are determined to be § 216 funds are to be returned to the Secretary of Labor by order of the court. Such funds as are determined to be § 217 funds shall be held for the expiration of the five-year period specified in § 2042 and then upon request shall be transferred to the Treasury to the credit of the United States.

And it is so ORDERED.