UNITED STATES of America, Plaintiff-Appellee,

v.

Robert Lee DOREMUS, Sr., Defendant-Appellant.

No. 19231.

United States Court of Appeals
Sixth Circuit.

July 31, 1969.

Robert S. Miller, Lexington, Ky. (Harry B. Miller, Jr., Miller, Griffin & Marks, Lexington, Ky., on the brief), for appellant.

James F. Cook, Lexington, Ky. (George I. Cline, U. S. Atty., James F. Cook, Asst. U. S. Atty., Lexington, Ky., on the brief), for appellee.

Before WEICK, Chief Judge, and PECK and COMBS, Circuit Judges.

PER CURIAM.

Appellant, Robert Doremus, was convicted in federal district court of the offense of impersonating a United States marshal, in violation of Title 18, Section 912, U.S. Code, and of rescuing, aiding, and assisting in the escape of a federal prisoner, in violation of Title 18, Section 752(b), U.S. Code. At the trial, the government contended that the appellant had come to a federal prison to feloniously procure the release of his son. Pursuant to that end, the appellant had allegedly shown a badge which appeared to be that of a United States marshal, represented himself to be a United States marshal, and signed a fictitious name on the release form necessary to take custody of his son.

Appellant took the stand in his own behalf and specifically denied having done these things. On cross-examination, the appellant, over objection, complied with the court's direction that he write, in the presence of the jury, the exact words which he had allegedly written on the release form. A handwriting expert called by the government then compared this exemplar with the release form and testified that the same person had written the words on both. In this appeal, Doremus contends that the district court committed prejudicial error in directing him to write the words in question. We disagree.

The defendant in a criminal case is free to avail himself of his constitutional privilege against self-incrimination. It is his absolute right to refrain from giving any testimonial evidence whatsoever. When, however, as here, the defendant voluntarily takes the witness stand in his own behalf, he waives the protection afforded him by his privilege against self-incrimination. *E. g.*, Brown v. United States, 356 U.S. 148, 154–156, 78 S.Ct. 622, 2 L.Ed.2d 589 (1958). It is well established that, after taking the stand, the defendant cannot proceed to answer those questions which reflect favorably upon his innocence and refuse to answer those questions which tend to indicate his guilt. He must respond to all inquiries pertinent to the issue on trial.[1] Because the appellant had waived his privilege against self-incrimination, we need not, for the purposes of this appeal, discuss whether his handwriting exemplar was testimonial and communicative evidence which would come within the scope of the privilege (United States v. Green, 282 F.Supp. 373 (S.D.Ind. 1968)) or real and physical evidence which would be excluded from the scope of the privilege. E. g., Gilbert v. California, 388 U.S. 263, 266–267, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967).

Exclusive of the privilege against self-incrimination, a criminal defendant's

---

1. *E.g.*, Fitzpatrick v. United States, 178 U.S. 304, 305, 20 S.Ct. 944, 44 L.Ed. 1078 (1900). Cases holding that a criminal defendant can be compelled to write, in the presence of the jury, the exact words which he allegedly wrote in perpetrating the offense include Long v. State, 120 Tex.Cr.R. 373, 48 S.W.2d 632 (1931) and State v. Vroman, 45 S.D. 465, 188 N.W. 746 (1922).

right to a fair trial may be violated if, after taking the stand, he is forced to perform acts which would unjustly prejudice him. See State v. Taylor, 99 Ariz. 85, 91–92, 407 P.2d 59, 63–64 (1965), cert. denied, 384 U.S. 979, 86 S.Ct. 1878, 16 L.Ed.2d 689 (1966). This would be true in a case in which the requested performance or demonstration would unjustly humiliate or degrade the defendant or in a case in which such performance would be damaging to the defendant's image and irrelevant to the issue on trial. State v. Thorne, 39 Utah 208, 232–233, 117 P. 58, 67 (1911). In the instant case, the taking in open court of the handwriting exemplar had no tendency to disgrace or insult the appellant and was directly relevant to the central issue of the trial.[2] We find that the appellant was not thereby improperly prejudiced and the decision of the district court is therefore affirmed.

---

2. It has been held, for example, that the taking of a defendant's fingerprints in open court over his objection does not violate his right to a fair trial. United States ex rel. O'Halloran v. Rundle, 384 F.2d 997 (3d Cir. 1967). Requiring the defendant to try on articles of clothing in the presence of the jury has also been held not to violate his right to a fair trial. State v. Taylor, 99 Ariz. 85, 92, 407 P.2d 59, 63–64 (1965), cert. denied, 384 U.S. 979, 86 S.Ct. 1878, 16 L.Ed.2d 689 (1966). In addition, compelling the defendant to demonstrate in court acts alleged to have been done by him in connection with a murder was found not to violate defendant's right to a fair trial. People v. Nye, 63 Cal.2d 166, 170–173, 45 Cal.Rptr. 328, 331–332, 403 P.2d 736, 740–741 (1965).