No. 45,419

STATE OF KANSAS, *Appellee*, v. LLOYD O. HOLSEY, *Appellant*.

(464 P. 2d 12)

Opinion filed January 24, 1970.

*Gerald W. Scott*, of Wichita, argued the cause and was on the brief for the appellant.

*James Z. Hernandez*, deputy county attorney, argued the cause, and *Kent Frizzell*, attorney general, and *Keith Sanborn*, county attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

HARMAN, C.: Appellant Lloyd O. Holsey was convicted by a jury of the offense of burglary in the second degree and sentenced under the habitual criminal act to a term of not less than ten nor more than twenty years in the penitentiary and has appealed from that conviction.

The facts developed at trial may be summarized as follows: The Way Station is a place of business located in Wichita, Kansas. Its business is the sale of ladies' ready-to-wear, antiques, furs and jewelry. A Mr. and Mrs. Sarjeant were living adjacent to the Way Station, their bed room being approximately 136 feet east of the showroom. During the early morning of June 3, 1967, shortly after the Sarjeants had retired, they heard a noise in the direction of the Way Station. Looking toward it they saw a man enter the building through the showroom display window and disappear into the interior. Mr. Sarjeant telephoned the police. Then Mr. and Mrs. Sarjeant each secured a pair of binoculars and resumed their observation of the building. The display window was well lighted, being illuminated inside by two 200 watt bulbs and three spotlights directly above the window. They saw a man (whom they later identified as the appellant) come from the interior of the building and stand in the showroom area facing them. The man then crawled through the window and went over to a 1951 Ford automobile parked about twenty-five feet south of the building. The Sarjeants observed the man open and close the trunk of the automobile, then return to the building and start to crawl back through the window. The man stopped and returned to the automobile and stood by it. A police vehicle with its spotlight on approached the building. The Sarjeants observed the man squat down beside the Ford automobile, then, as the police vehicle came closer, jump up and leap over a yard fence out of view. The glass in the showroom window had been broken from the outside. Underneath the rear bumper of the Ford automobile the police officer found a flashlight and on the rear floorboard they found a screwdriver and hammer. The license tag on the automobile had been issued to appellant.

Mr. Sarjeant described to the police the man he had seen and later identified appellant's photograph from a group submitted to him.

At a latter date not shown in the record appellant was arrested by FBI agents at Hutchinson, Kansas, on a federal bank robbery warrant. Appellant had dyed his hair white or "bleached blond." He was returned to the Sedgwick county jail at Wichita and in a lineup was identified by the Sarjeants as the man they had seen in the showroom window. Further facts will be related as they become pertinent to the issues raised.

Upon appeal appellant contends the trial court erred in denying

his motion for change of venue. It appears that while awaiting trial appellant allegedly was involved in an unsuccessful attempt to break jail. He was charged with this offense and after some publicity by the news media respecting it he filed a motion asking that this case be sent to another district for trial because of prejudice aroused within Sedgwick county. At the hearing of the motion no evidence was offered in support of the motion, except a brief affidavit by appellant's counsel, and no facts were developed beyond counsel's oral argument.

Our case law on the issue raised has been exhaustively covered in *State v. Turner,* 193 Kan. 189, 392 P. 2d 863, *State v. Poulos,* 196 Kan. 253, 411 P. 2d 694, cert. den. 385 U. S. 827, 17 L. ed 2d 64, 87 S. Ct. 63, and *State v. Paxton,* 201 Kan. 353, 440 P. 2d 650, in view of which we need only say appellant's failure to present affirmative evidence that prejudice existed so as to make it reasonably certain he could not obtain a fair trial requires our holding the trial court did not abuse sound discretion in denying the motion for change of venue.

Prior to trial appellant filed a motion to suppress the testimony of the Sarjeants because of an illegal lineup at which he was identified. This motion was denied. Appellant urges error in the ruling as well as in a trial ruling restricting his inquiry into the circumstances of the lineup.

It appears the lineup was conducted for the purpose of identifying appellant as a participant in the federal bank robbery offense as well as the state charge of burglary in question here. Appellant was represented at the lineup by two retained attorneys who also represented him at trial. Appellant complains his attorneys were not advised the lineup was going to be one for both the state and federal charges. The record does not sustain this contention factually. At the hearing on the motion to suppress the deputy county attorney stated he had advised one of appellant's attorneys of the lineup for the purpose of the state charge. In response to direct question whether he was so advised the attorney stated, "I can't say. . . ." The lineup was conducted in the Sedgwick county sheriff's office with county and city police officers present along with the deputy county attorney. Appellant's attorneys participated in the lineup. During the lineup the Sarjeants sat directly in front of appellant's attorneys, although it must be said

the attorneys may not have been aware of their identity. The witnesses were not permitted to talk in the lineup room.

The lineup consisted of six Caucasian males of approximately the same height. All except appellant had dark hair. The officers had hair wigs for the individuals in the lineup to put on, along with a topcoat and a pair of sunglasses. The latter two items related only to the federal bank robbery charge as the testimony was the burglar was not wearing glasses and there was no mention of a coat. The lineup appears to have been fairly conducted. There was no showing it was unnecessarily suggestive or that the Sarjeants' identification was in any way tainted by an invalid confrontation all as denounced by the *Wade-Gilbert-Stovall* rules. Any suggestivity which could have arisen would have been occasioned only by appellant's balking at donning the sunglasses and wig.

At trial the court sustained an objection to a question put upon cross-examination of Mr. Sarjeant as to whether the coat fit everyone in the lineup. As indicated the coat was pertinent only to the unrelated federal charge. Appellant did have rather full cross-examination as to the lineup and nothing prejudicial to him appeared. Appellant made no in-court objection to the Sarjeants identification of appellant during trial. We find nothing respecting the lineup identification which was prejudicial to him.

Appellant complains of the trial court's refusal to grant a mistrial following his cross-examination of a police officer. Upon direct examination the officer had testified to a conversation he had had with appellant which occurred after proper warning and advice as to constitutional rights had been given. The officer testified appellant stated he had dyed his hair and used an assumed name because he was a fugitive from justice. Counsel for the state carefully refrained from evoking mention of the bank robbery charge with the result there was no objection to the testimony given upon direct examination. Then, upon cross-examination, despite prior cautioning of the counsel for the state, his counsel brought out the fact appellant was wanted for bank robbery. So far as the record discloses this was the only mention before the jury of the bank robbery charge. Immediately upon this mention, at the request of counsel for the state, the jury was instructed to disregard this evidence. Under all these circumstances we cannot say appellant was prejudiced in the trial court's refusal to grant a mistrial.

Appellant makes several complaints respecting the receipt into

evidence, by way of judicial notice, of a previous conviction. It appears appellant had in 1961 been convicted in the district court of Sedgwick county, Kansas, of the offenses of burglary in the second degree and larceny. At trial the prosecution had commenced the examination of the local attorney who had represented appellant at the time of his previous conviction, and evidently it had a deputy clerk of the Sedgwick county district court in attendance with a copy of the journal entry evidencing that conviction. At this point the trial court called a recess during which, according to the deputy county attorney, both sides agreed the attorney's identification of appellant as the same person he had represented in the previous proceeding would not be necessary. The attorney was then excused as a witness. The prosecution then requested the trial court to take judicial notice of the previous conviction, identifying it by case number and stating the deputy district court clerk was present to testify concerning it if necessary. Although there was objection to the admission of the previous conviction upon another ground (to be presently discussed) no objection was made to the request to take judicial notice of it at the time it was offered, or later at trial level. After denying the objection, the trial court took judicial notice of the file case No. B-7620 as a record of that court and excused the deputy district court clerk as a witness. The essentials of the conviction were stated to the jury. The journal entry of judgment evidencing it has been placed in the abstract by the appellant. The statement respecting the agreement reached during recess that appellant was the same person as the Lloyd O. Holsey convicted in case No. B-7620 is not disputed. There being no issue as to his identity in the previous proceeding we do not think the trial court erred in taking judicial notice of appellant's previous conviction in that same court (see *State v. Moffitt,* 199 Kan. 514, 431 P. 2d 879, and 1 Underhill's Criminal Evidence, 5th ed., § 63, p. 107.)

Appellant's objection to the introduction of his previous conviction was, and is now, that there was no showing of relevancy under any of the admissible exceptions in K. S. A. 60-455. The previous conviction was for the same offense as that with which appellant was charged, burglary in the second degree. The prosecution offered the conviction to show intent, absence of mistake and mode of operation. We have repeatedly held it is the similarity of the two offenses that makes the previous conviction relevant (see *State*

*v. Dearman,* 203 Kan. 94, 453 P. 2d 7, cert. denied—U. S. ——, 24 L. ed. 2d 173, 90 S. Ct. 194; also *State v. Jenkins,* 203 Kan. 354, 454 P. 2d 496).

Finally, appellant complains of the instruction given to the jury respecting the previous conviction. There was no objection to it at trial level. It is very similar to that given in *State v. Jenkins,* supra, and under authority of that decision we hold appellant's rights were not prejudicially affected by its use.

The judgment appealed from is affirmed.

APPROVED BY THE COURT.