No. 45,975

State of Kansas, *Appellee,* v. Michael Allen Hale, *Appellant.*

(479 P. 2d 902)

Opinion filed January 23, 1971.

*Bruce E. Borders,* of Borders and Borders, of Independence, argued the cause and was on the brief for the appellant.

*Monte K. Heasty,* County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, and *Kenneth D. David,* Assistant County Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

Fontron, J.: The defendant, Michael Allen Hale, was convicted of burglary in the third degree and larceny in connection therewith.

Evidence of one prior conviction was introduced and Mr. Hale was sentenced to serve not less than two nor more than ten years on the burglary charge and a like term of from two to ten years for larceny. The two sentences were adjudged to run concurrently.

The evidence disclosed that the defendant broke into a farm home, unoccupied at the moment, by removing the pane of glass from a window, and that a female traveling companion, Judy K. Austin, along with her two and a half year old child entered the house with him. After a sojourn of some two or three days, during which the members of this intimate group subsisted on food they found in the home, the defendant and his protégés left the premises taking with them various articles of property to which they had no vestige of right or title.

In this appeal the following claims of error have been advanced and will be considered in order: (1) The court erred in refusing defendant's motion for continuance; (2) the court erred in overruling objections to questions asked of defendant on cross-examination; and (3) the sentences pronounced under the Habitual Criminal Act are invalid.

On the morning of trial the defendant's counsel orally requested a continuance so that he might receive, and have analyzed, some pills being sent him through the mail by Mr. Hale's mother which were the same kind Hale had been taking for an alleged brain injury suffered by him at birth. At the same time counsel advised the court that the defense would be that of involuntary intoxication induced by the prescribed medication and that an analysis was necessary in order to evaluate the medicine and its effect upon the defendant.

After hearing arguments from both sides the court denied the request for continuance with these remarks:

"The motion will be overruled. Now, counsel still has an opportunity to ascertain by telephone or some other way, if there is any evidence you can produce, you may renew your motion and the Court will consider it, but based on such purely unsubstantiated contentions the Court does not feel that we can delay this case for that reason. The motion will be overruled."

It is well recognized that the granting of a continuance in a criminal case lies within the sound judicial discretion of the trial court and that its ruling thereon will not be disturbed in the absence of an affirmative showing that its discretion has been abused to the extent that the defendant's rights have been prejudiced. (*State v. Hill*, 145 Kan. 19, 64 P. 2d 71; *State v. Dickson*, 198 Kan. 219, 424

P. 2d 274; *State v. Weigand*, 204 Kan. 666, 670, 466 P. 2d 331.)

We note from the record that the offenses with which the defendant was charged occurred the middle part of May 1969; that the information was filed in district court on June 30th; and that counsel was appointed on either September 4 or 8, 1969. No satisfactory reason appears of record to explain the defendant's delay in asking for the continuance, nor is the motion, being oral, supported by affidavit. (See, K. S. A. 60-240 (*c*); *State v. Collins*, 79 Kan. 411, 99 Pac. 817.)

Of greater significance, however, is the fact that defense counsel apparently took no steps to have the pills analyzed even after he received them, which was just two days after trial was concluded. In the defendant's motion for new trial, filed October 10, there is an allegation of newly discovered evidence consisting of samples of the medicine which defendant allegedly was taking and which, by then, was in the possession of defendant's attorney. When the motion for new trial was argued on October 23, defense counsel offered a bottle of pills in evidence but added that he "had no idea what the nature of the drug might be."

This sort of approach was patently insufficient to justify the granting of a new trial. In the absence both of a chemical analysis of the medicine and of probative evidence concerning its probable effect upon the human senses, the proffered pills could not, in and of themselves, be said to constitute new evidence likely to change the result of the trial. In *State v. Nordmark*, 84 Kan. 628, 114 Pac. 1068, this court said:

". . . Unless the evidence is so material that it would be likely to produce a different result the court is not warranted in setting aside the verdict. . . ." (p. 634.)

After defense counsel received the pills in question on October 6, 1969, it lay within the defendant's power to have them analyzed. In view of the defendant's failure to have such an analysis made and to offer the same in support of his motion, together with evidence of the probable effect of the pills when ingested, we cannot say that the trial court abused its discretion in denying the request for continuance. The situation strongly resembles that which came before this court in *State v. Hill*, supra, where a continuance had been asked to enable the defendant to investigate the nature of the evidence concerning which a long array of witnesses (most being unknown to defendant) might possibly testify. On page 22 of its opinion the court said:

". . . On the motion for a new trial defendant made no showing that if he had been given more time to prepare for trial he could have shown that some of the witnesses against him were not worthy of credence, or that he could have adduced evidence to contradict their testimony. It must therefore be held that overruling the request for a continuance did not constitute prejudicial error. (Citing cases.)"

The defendant's second claim of error relates to certain questions asked of him on cross-examination which, it is argued, violated his constitutional privilege against self-incrimination and resulted in prejudicial error. Two of the questions complained of alluded to an alleged theft of a car by Mr. Hale. Upon objections being made that the defendant's answers might tend to incriminate him the county attorney at once withdrew the questions and the trial court ordered them stricken. In this posture, error cannot be predicated on these twin incidents.

Questions were also put to Hale regarding preparations he allegedly had made to set fire to the house in which the trio lived after they abandoned it. These questions were propounded, we must assume, because of testimony given by Judy Austin that her knight-errant had made preparations for arson before leaving their place of haven. In a somewhat similar vein Hale was questioned about a shotgun found in his possession at the time of his arrest and which, it developed, had been stolen from a neighboring house.

Objections were interposed to these questions on the ground that the answers might tend to incriminate or degrade the defendant, and these claims have been renewed on appeal. In our judgment the objections were not valid and the court did not err in rejecting them.

We believe the law to be that when the defendant voluntarily takes the stand in a criminal prosecution he thereby waives his privilege against self incrimination as to all matters pertinent to the issues on trial. (*Fitzpatrick v. United States*, 178 U. S. 304, 315, 316, 44 L. Ed. 1078, 20 S. Ct. 944, 949; *United States v. Doremars*, 414 F. 2d 252; *Johnson v. United States*, 318 U. S. 189, 87 L. Ed. 704, 63 S. Ct. 549; *People v. Roger Johnson*, 382 Mich. 632, 172 N. W. 2d 369.)

In *Raffel v. United States*, 271 U. S. 494, 70 L. Ed. 1054, 46 S. Ct. 566, the rule is phrased by the United States Supreme Court:

". . . When he [defendant] takes the stand in his own behalf, he does so as any other witness, and within the limits of the appropriate rules he may be cross-examined as to the facts in issue. . . . His failure to deny or

explain evidence of incriminating circumstances of which he may have knowledge, may be the basis of adverse inference, and the jury may be so instructed. [Citation.] His waiver is not partial; having once cast aside the cloak of immunity, he may not resume it at will, whenever cross-examination may be inconvenient or embarrassing." (p. 497.)

This language was quoted with approval in the recent case of *State v. Schroeder*, 201 Kan. 811, 821, 443 P. 2d 284. See, also, *State v. Jackson*, 201 Kan. 795, 443 P. 2d 279, and *State v. Aldridge*, 204 Kan. 599, 603, 464 P. 2d 8.

In our opinion the questions asked of the defendant were pertinent upon the central issue being litigated—the guilt or innocence of the defendant. The theft of the shotgun from another home in the neighborhood tends to establish the character of Mr. Hale's sojourn in that area and was admissible under K. S. A. 60-455, for the purpose of showing intent, motive and method of operation. (*State v. Holsey*, 204 Kan. 407, 464 P. 2d 12, *State v. Kowalec*, 205 Kan. 57, 468 P. 2d 221.)

Likewise, the evidence relating to the defendant's plans and preparations to destroy his place of refuge by setting it on fire may properly be considered as part and parcel of his general scheme and as falling within the *res gestae*. The fashioning of an incendiary device, as testified to by his erstwhile friend, Judy, plus his actions in strewing clothing and heating elements about the house may logically be said to negative an innocent occupancy of the building. Such elaborate preparations for the destruction of the house would seem more consistent with an intention to cover up or conceal all traces of the burglary and resulting theft.

The defendant's final claim of error relates to the sentences imposed. As we have said before, the defendant was sentenced as an habitual criminal with one prior conviction, to serve terms of not less than two nor more than ten years on each charge—burglary and larceny. The tenor of his complaint is that the two year minimum set by the court in each sentence is not authorized under the statute, but that the legal sentence for each of the two offenses can be only for a term of "not to exceed ten years." We see merit in this contention.

The statutory penalty for burglary in the third degree, at the time this defendant was sentenced, was "not exceeding five years" (K. S. A. 21-523), while a similar punishment of "not exceeding five years" was provided by statute (K. S. A. 21-524) for larceny committed during the burglary. K. S. A. 21-107a, the Habitual Criminal

Act effective when these sentences were pronounced, provides that every person convicted a second time of felony (who in certain elite circles is familiarly known as a "two-time loser") should be confined not less than double the penalty of the second conviction.

Neither party to this appeal has cited authority concerning the point now presented, either pro or con, nor has our limited research revealed any guiding precedent. However the language of the statute seems clear enough: Upon a second conviction the statutory penalty provided therefor is to be doubled. Construing the statute strictly, as is required by our many past decisions (see cases in 5 Hatcher's Kansas Digest, [Rev. Ed.] Statutes, § 95), we are obliged to say that both sentences should have been only for terms of "not to exceed ten years", and that only so much of each sentence as provides for imprisonment for "not to exceed ten years" can be approved as valid.

In summary we hold (1) the trial court did not err in denying a continuance or in overruling objections to questions propounded to the defendant on cross-examination; (2) it was error for the trial court, in sentencing the defendant, to set minimums of "not less than two years"; and (3) the sentences are hereby corrected by striking the purported minimum terms set out in each of the sentences, thus causing each sentence to be "for a term of not to exceed ten years."

The trial court is directed to enter the corrected sentences upon its records in this case.