No. 47,082

STATE OF KANSAS, *Appellee*, v. RONALD PLATZ, *Appellant*.

(519 P. 2d 1097)

Opinion filed March 2, 1974.

*Marlin A. White*, of Holton, argued the cause and was on the brief for the appellant.

*Tracy D. Klinginsmith*, county attorney, argued the cause, and *Vern Miller*, attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: The defendant, Ronald Platz, was tried by a jury and convicted of forcible rape as defined by K. S. A. 1970 Supp. 21-3502 (a). He was sentenced pursuant to K. S. A. 1970 Supp. 21-4501 and 21-4504 as a second felony offender for a period of a minimum term of ten (10) years and a maximum term of forty (40) years. This is a direct appeal from this conviction and sentence.

The defendant first urges error by contending the state failed

to establish the crime beyond a reasonable doubt. The state correctly points out that this issue on appeal in a criminal case is not whether the evidence establishes guilt beyond a reasonable doubt but whether the evidence is sufficient to form the basis for a reasonable inference of guilt when viewed in a light most favorable to the state. See *State v. Hill,* 211 Kan. 239, 505 P. 2d 704, and *State v. Mans,* 213 Kan. 36, 515 P. 2d 810.

We do not need to set forth the testimony in the record for a review of the testimony of the victim establishes all the essential elements of forcible rape. She testified she was forcibly ejected from defendant's vehicle at a roadside park, that she resisted defendant's attempts until her resistance was overcome by force, fear and threats to use a gun. She testified as to the act of sexual intercourse with the defendant under these circumstances. Her testimony was corroborated in certain particulars by the testimony of defendant's companion who assisted the defendant in completing the crime and by the testimony of the victim's husband who heard her cries for help as he drove by the scene of the crime. This evidence was more than sufficient for this court to say a reasonable inference of defendant's guilt was established.

The defendant next contends that error was committed during the trial when testimony was permitted which pertained to other criminal charges pending against the defendant. The incident arose during the trial when defendant's counsel was cross-examining defendant's accomplice, Kenneth McGranahan. In response to questioning McGranahan testified that he and the defendant had been apprehended on other charges in Wabaunsee County and that the defendant had informed the law enforcement authorities he was involved in the incident. There was no further elaboration. There was no request to have the statement stricken.

A party cannot successfully assert as error the admission of testimony which he has elicited in his own behalf on cross-examination. (*State v. Mallett,* 192 Kan. 154, 156, 386 P. 2d 214; see also *State v. Runnels,* 203 Kan. 513, 518, 456 P. 2d 16; *State v. Garcia & Bell,* 210 Kan. 806, 813, 504 P. 2d 172.) Consequently this contention is without merit.

The third issue raised by defendant is based on the claim of publicity surrounding a murder charge filed against defendant in another county. The matter was first raised in defendant's motion for a new trial. In denying this claim the trial court stated:

"There is no evidence presented here from which this Court could find that this was inflammatory, if, in fact, it might have been, I don't think it was. There is no evidence that the jury took any notice of it. There is no evidence presented before this Court as to the claim of Mr. Henderson [attorney for defendant] that the demise of Mr. Benjamin Weiller was fully covered by the mass media and T.V., and the motion for new trial is overruled as to Point two. . . ."

A review of the record clearly demonstrates the trial court's decision was proper. No change of venue was requested. There is no evidence in the record to support the defendant's allegations of publicity or to indicate a single juror was cognizant of or influenced by any publicity. On appeal this court will not consider allegations of prejudicial publicity claimed to have affected the fairness and impartiality of the trial proceedings where the defendant neither sought a change of venue below nor raised any objection to such publicity during the trial. (*State v. Hickok & Smith*, 188 Kan. 473, 363 P. 2d 541, cert. den. 373 U. S. 544, 10 L. Ed. 2d 688, 83 S. Ct. 1545; *State v. Eldridge*, 197 Kan. 694, 421 P. 2d 170, cert. den. 389 U. S. 991, 19 L. Ed. 2d 483, 88 S. Ct. 486.) The bald assertion of possible prejudice is unsupported by the record and without merit.

The fourth point of error pertains to the admission of evidence as to the use of firearms constituting a separate crime of which defendant was not charged.

There was testimony that defendant had a rifle in his vehicle when he picked up his victim, that he had his accomplice get the gun and threaten the victim in order to accomplish the initial act of sexual intercourse and that the gun was fired at the husband's vehicle when it approached the scene of the crime.

Since the firearm was used to assist in carrying out the crime and to keep another person from coming to the scene of the crime this testimony was part of the *res gestae.* Acts done or declarations made before, during or after the happening of the principal fact may be admissible as part of the *res gestae* where such are so closely connected with it as to form in reality a part of the occurrence. (22A C. J. S., Criminal Law, §§ 662 (4), 662 (5), pp. 672, 673; *State v. Gillespie*, 62 Kan. 469, 63 Pac. 742; *Campbell v. Brown*, 81 Kan. 480, 484, 106 Pac. 37.) The fact that evidence bearing upon the crime charged may indicate the commission of another crime does not render such evidence inadmissible if it is relevant to establish the guilt or innocence of the defendant with respect

to the crime charged. (*State v. Martin,* 175 Kan. 373, 385, 265 P. 2d 297.)

The final point raised by defendant relates to the court's failure to instruct the jury on the crime of adultery. He contends that adultery is a lesser offense included in the crime of forcible rape, and under *State v. Warbritton,* 211 Kan. 506, 506 P. 2d 1152, the court is required to instruct on not only the offense charged but also all lesser offenses of which the accused might be found guilty under the information and upon the evidence adduced. The point is without merit.

K. S. A. 1970 Supp. 21-3502 defines forcible rape. In order to constitute the crime the act must be committed without the woman's consent and the woman's resistance must be overcome under certain specified circumstances or by force and fear as alleged in the present case. Adultery as defined in K. S. A. 1970 Supp. 21-3507 cannot be a lesser included offense because it is a crime of consenting parties. Proof of consent is a complete defense to the charge of forcible rape, so adultery cannot be a lesser offense of which the accused might be found guilty under an information charging forcible rape. Forcible rape and adultery are separate and distinct crimes, since proof of one necessarily disproves the other.

The judgment is affirmed.