No. 47,275

STATE OF KANSAS, *Appellee, v.* JOSEPH M. WINSTON, *Appellant.*

(520 P. 2d 1204)

Opinion filed April 6, 1974.

*E. Roger Horsky,* of Leavenworth, argued the cause and was on the brief for the appellant.

*Patrick J. Reardon,* county attorney, argued the cause, and *Vern Miller,* attorney general, and *Hall Triplett,* special prosecutor, were with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: The appellant, Joseph M. Winston, was convicted of aggravated burglary (K. S. A. 1973 Supp. 21-3716) and rape (K. S. A. 1973 Supp. 21-3502) in connection with entering a private residence in Leavenworth, Kansas, in the early morning hours of

June 29, 1971. The intruder entered the bedroom of the victim, committed the rape, took money from her purse and then left the premises. Appellant became the suspect when his picture was identified among photographs of eleven individuals contained in a police album. He was arrested while standing on a street corner in Leavenworth two weeks after the crimes were committed. The shoes he was wearing and the wallet he was carrying at the time of his arrest were identified as stolen property belonging to the victim's husband.

Appellant was tried before a jury. He appeals to this court because of alleged trial errors.

Appellant contends the trial court erred in refusing to suppress the photograph and the subsequent in-court identification. The legal bases for this attack are K. S. A. 38-815 (f), (g), and (h) which provide:

"(f) Neither the fingerprints nor a photograph shall be taken of any child less than eighteen (18) years of age, taken into custody for any purposes, without the consent of the judge of the court having jurisdiction; and when the judge permits the fingerprinting of any such child, the prints shall be taken as a civilian and not as a criminal record.

"(g) All records in this state concerning a public offense committed or alleged to have been committed by a child less than eighteen (18) years of age, shall be kept separate from criminal or other records, and shall not be open to inspection, except by order of the juvenile court; and it shall be the duty of any peace officer, magistrate, judge, or other similar officer, making or causing to be made any such record, to at once report to the judge of the juvenile court of his county the fact that such record has been made and the substance thereof together with all of the information in his possession pertaining to the making of such record.

"(h) When a record has been made by or at the instance of any peace officer, magistrate, judge, or other similar officer, concerning a public offense committed or alleged to have been committed by a child less than eighteen (18) years of age, the judge of the juvenile court of the county in which such record is made shall have the power to order such officer, magistrate or judge to expunge such record; if he shall refuse or fail to do so within a reasonable time after receiving such order, he may be adjudged in contempt of court and punished accordingly."

The photograph had been taken by the Leavenworth police department nine months before the present crimes were committed and before appellant had reached the age of eighteen. At the hearing on the motion to suppress, appellant called two witnesses to testify. The officer who exhibited the book of eleven photographs to the victim testified that the victim identified the photo-

graph, that the photograph was taken on September 25, 1970, and that he knew of no court order authorizing the photograph to be taken. The victim identified the picture as the one she had viewed prior to appellant's arrest. There was very little other evidence introduced on the motion. In denying the motion to suppress the court said it did not have sufficient evidence before it to support a finding that the photograph itself was illegally obtained. We are inclined to agree with the trial court.

The juvenile code (K. S. A. 38-815 [f]) permits the taking of photographs of minors with the consent of the juvenile judge. Records concerning a public offense by a minor are not open to inspection, except by order of the juvenile court. (K. S. A. 38-815 [g].) When such a record has been made, such as a police photograph, the judge of the juvenile court has the authority to order the same expunged. (K. S. A. 38-815 [h].) The purpose of the statute is to place control of the records of minors charged with crime in the office of the juvenile court so as to protect their confidentiality. However, it is not illegal to take such a picture if the court consents to the taking. In *State v. Hinkle,* 206 Kan. 472, 479 P. 2d 841, it is stated:

"Police officers are authorized to investigate and obtain information from a juvenile relative to a crime, and when there are sufficient grounds to believe a crime has been committed and the juvenile committed the crime, they must then deliver the juvenile into the hands of the proper juvenile authorities along with all information in their possession." (p. 478.)

In *Hinkle* it is held a confession by a minor is not inadmissible merely because the person making it is a minor. It was further held that the provisions of K. S. A. 38-815 (b) (formerly 1970 Supp.) should not be construed to hamper the traditional function of law enforcement officers in investigating a crime even though committed by a juvenile.

In the instant case the evidence was insufficient to establish the circumstances under which the photograph had been taken and used. The judge of the juvenile court was not called to testify at the hearing on the motion to suppress. We cannot assume for the purposes of the appellant's appeal that the judge refused to permit the photograph to be taken and we cannot assume the judge ordered the photograph expunged. The statute, K. S. A. 38-815 (f), does not require a written order from the judge to permit the photographing. It merely requires his consent. We cannot presume the officers violated the statute.

The trial court's finding that appellant had failed in his burden of proof in this regard was proper and the motion to suppress was properly denied. With this determination the balance of appellant's argument fails. The victim made a positive in-court identification of the appellant as follows:

"Q. Your testimony and identification in court today is it based on that photograph?
"A. No, it's not.
"Q. What is it based on?
"A. On who I seen in my bedroom that night."

It is apparent under our holdings in *State v. Kelly*, 210 Kan. 192, Syl. ¶ 2, 499 P. 2d 1040, and *State v. Lora*, 213 Kan. 184, Syl. ¶ 6, 515 P. 2d 1086, the in-court identification in this case is capable of standing on its own, free of taint from previous identification procedures.

Appellant's next claim of error is based on two news articles which appeared in the Leavenworth Times during the trial. The articles stated that appellant was presently serving a sentence in the Kansas State Penitentiary for destruction of property and auto theft and referred to him as Joseph M. Winston, alias Bunny Winston. There is nothing in the record before us to show that a single juror read or heard of the news articles. No post-trial affidavits were filed. In *State v. Eldridge*, 197 Kan. 694, 421 P. 2d 170, cert. den. 389 U. S. 991, 19 L. Ed. 2d 483, 88 S. Ct. 486, it is held:

". . . A defendant is not deprived of a fair trial in violation of the due process clause of the Fourteenth Amendment by publicity attending the trial proceedings when he fails to show that a single member of the jury was made aware of the publicity; and when it does not appear the publicity was massive, pervasive or disruptive of the trial proceedings." (Syl. ¶ 2.)

(See also *State v. Platz*, 214 Kan. 74, Syl. ¶ 3, 519 P. 2d 1097.

Appellant's bald assertion of prejudice from trial publicity is unsupported by the record and without merit.

The state introduced a pair of shoes and a wallet belonging to the victim's husband which were on the person of the appellant when he was arrested on the present charges. The owner of these articles testified they were discovered missing from his home on or about June 29, 1971, and the articles would have had to disappear from the premises between June 15 and June 29. Appellant objected to the introduction of the articles into evidence for the reason that their introduction tended to prove a crime of which he was not

charged. He argues that the trial court should have excluded this evidence under K. S. A. 60-445 which provides:

"Except as in this article otherwise provided, the judge may in his discretion exclude evidence if he finds that its probative value is substantially outweighed by the risk that its admission will unfairly and harmfully surprise a party who has not had reasonable opportunity to anticipate that such evidence would be offered."

It is difficult to support appellant's argument under this statute for the admission of these articles in evidence came as no surprise to appellant. The articles were taken from his person when he was arrested and they had been stolen from the home in which the crimes charged had occurred. Although he was not charged with unlawfully taking these articles he knew or should have anticipated they would be introduced in evidence. The fact that evidence bearing upon the crime charged may indicate the commission of another crime does not render such evidence inadmissible if it is relevant to establish the guilt or innocence of the accused with respect to the crime charged. (*State v. Martin*, 175 Kan. 373, 385, 265 P. 2d 297; *State v. Platz*, supra.) In the present case the fact that the owner of the articles could not establish the exact date the articles were missing from the home does not destroy their relevance to establish the guilt or innocence of the defendant with respect to the crime charged. The evidence did bear upon proof of the appellant's presence in the home from which the articles were taken and where the crimes charged were committed.

The appellant's next three points relate to a blackboard drawing which the victim was permitted to make during the trial to show the location of her bedroom and sources of light coming into the bedroom by which she could view and identify her assailant. Appellant contends the drawing was so inaccurate it should not have been allowed at the trial, that the court erred in refusing to permit the jurors to view the scene during the trial and that the court erred in denying the motion of appellant to reopen the case and permit further defense testimony on the location of outside light sources.

No attempt was made to reproduce the drawing for the record on appeal and there is nothing in the record to indicate what additional evidence appellant desired to introduce on his request to reopen the case. The most that we can glean from the record before us is that the defense was contending there was but one street light in the alley instead of two. The foregoing matters all rest in the

sound discretion of the trial judge. This court will not reverse the trial judge except for an abuse of discretion which affirmatively appears to have affected the substantial rights of the party complaining. (K. S. A. 60-2105.) The admission or the exclusion of evidence must be measured by the harmless error rule governing trial courts. (K. S. A. 60-261.) It is discretionary as to whether a trial court shall permit a jury in a criminal case to view the scene of a crime (K. S. A. 1973 Supp. 22-3418.) or reopen a case to introduce additional evidence (*Anderson v. Berg,* 202 Kan. 659, 451 P. 2d 248). The victim testified that after appellant raped her he asked for money. She then told him that her purse was on the dining room table. She further testified "then he got up and he flipped the light on, and he went into the front of the room and got my purse, like he knew the house, and turned around and came back." Under the evidence it is difficult to see how the location of the outside lights were so crucial on the question of identification. The trial court did not abuse its discretion in this regard and the contentions are without substantial merit.

The appellant next complains about an instruction given at the trial. The court included a reasonable doubt instruction similar to one approved in *State v. Mullins,* 95 Kan. 280, 147 Pac. 828. The thrust of his argument is that the words "reasonable doubt" are of such common understanding and import that they need no further explanation. We agree with this premise. The question was posed and answered in *State v. Larkin,* 209 Kan. 660, 662, 498 P. 2d 37. The words "reasonable doubt" are clear in their meaning and no instruction defining their meaning is necessary. (See PIK Criminal, 52.04, p. 49.)

Although the above premise is sound it does not follow that prejudicial error flows therefrom. This court will not reverse a conviction merely because a reasonable doubt instruction was given. See *State v. Booker,* 200 Kan. 166, 174, 434 P. 2d 801, cert. den. 391 U. S. 965, 20 L. Ed. 2d 879, 88 S. Ct. 2031, and *State v. Osbey,* 213 Kan. 564, 572, 517 P. 2d 141. The terms "moral certainty" and "satisfied the reason" used in the instruction are no more understandable than the term "reasonable doubt" which they define, but the instruction as given has been approved and is not an erroneous statement of law which would mislead the jury. So once again we say no such instruction need be given but the giving of the instruction does not appear to have prejudicially affected the substantial

rights of the appellant and we must disregard such as a mere technical error as provided in K. S. A. 60-2105.

Appellant's final argument to this court, if none of the preceding points discussed are sufficient to justify a reversal, is that the totality of the points raised have the cumulative effect of denying a fair and impartial trial. We do not agree and the judgment is affirmed.