No. 48,695

STATE OF KANSAS, *Appellee,* v. MICHAEL A. FERRIS, *Appellant.*

(565 P.2d 275)

Opinion filed June 11, 1977.

*Hugh R. McCullough,* of Topeka, argued the cause, and was on the brief for the appellant.

*Thomas D. Haney,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal from a jury verdict which found Michael Ferris (defendant-appellant) guilty of two counts of aggravated battery against a law enforcement officer (K.S.A. 21-3415).

The question on appeal is whether evidence of other criminal acts, here a purse snatching followed by flight from law enforcement officers, is admissible in evidence.

On August 16, 1975, the appellant entered Marceil's Beauty Salon in Topeka and asked whether or not they cut men's hair. He then proceeded to grab the purse of Mrs. Reba Heinrich, a beauty shop patron, run out the door and flee in a blue-gray Chevrolet.

The fleeing automobile's high rate of speed attracted the attention of Topeka police officers Koch and Walker, who were unaware of the purse snatching. The car was stopped and the appellant fled on foot. After being apprehended and handcuffed, the appellant seized one of the officer's pistols and fired several times, wounding both officers. The surrounding facts are more fully reported in the case of *In re Ferris,* 222 Kan. 104, 563 P. 2d 1046. There the appellant, age seventeen, was found not amen-

able to the care, treatment and training program available through the facilities of the juvenile court, and on appeal the waiver of juvenile jurisdiction was sustained.

At the trial in the instant case the appellant contended he was under the influence of drugs at the time of the shooting. He asserted an insanity defense and this formed the basis for the defense at trial.

The appellant stood trial charged with two counts of aggravated battery against a law enforcement officer. The state sought to introduce evidence of the purse snatching and escape, offenses for which the appellant was not charged.

After a preliminary argument on the matter, the trial court admitted the evidence, over the appellant's objection, under K.S.A. 60-455 and instructed the jury that it could be considered "for the limited purpose of proving the defendant's motive and absence of mistake."

The state's theory for admission of the evidence was to show that the appellant on August 16, 1975, stole a purse from a beauty shop, fled the scene in an automobile with his compatriots and was shortly thereafter stopped by police officers for a speeding violation. Caught red-handed with stolen property in his automobile, the appellant attempted to conceal the stolen purse, and then when arrested panicked and shot the officers, thereby making his temporary escape good.

The appellant's theory of defense to avoid criminal responsibility was lack of mental capacity—that he did not understand the nature of his acts or what he was doing.

With the admission of the evidence concerning the purse snatching the state was permitted to show, and argue to the jury, the appellant had a motive for the shooting, and that there was no mistake made by the appellant in firing the pistol at the officers. The appellant was stopped and caught within minutes after having committed a theft. As such, the purse snatching and flight were part of the *res gestae.* The evidence was relevant to show the appellant's intent when he shot the officers in rebutting his asserted defense of insanity. By admitting the evidence the state was permitted to show the appellant had sufficient mental capacity to scheme and plan a purse snatching immediately prior to the shooting, and have the presence of mind to flee and run from the scene where he had stolen the purse.

Here the appellant did not deny having committed the acts charged against him, thus identity was not an issue. But with an asserted defense of insanity, the nature of the defense placed intent squarely in issue. It brought into focus the defendant's capacity to formulate the specific intent as well as his capacity to entertain, in a legal sense, a general criminal intent. (*State v. Lohrbach,* 217 Kan. 588, 538 P. 2d 678.) Aggravated battery against a law enforcement officer involves both a general criminal intent and a specific intent—"with intent to injure that person." (K.S.A. 21-3414 and 21-3415.)

Although the limiting instruction here given could have been broadened to include "intent," it was not erroneous.

On the facts in this case evidence of the purse snatching incident was admissible as part of the *res gestae* to prove the offenses charged, without a limiting instruction. (*State v. Hale,* 206 Kan. 521, 479 P. 2d 902; *State v. Martin,* 208 Kan. 950, 495 P. 2d 89; *State v. Winston,* 214 Kan. 525, 520 P. 2d 1204; and *State v. Jackson,* 222 Kan. 424, 565 P. 2d 278.)

Acts done or declarations made before, during or after the happening of the principal fact may be admissible as part of the *res gestae* where they are so closely connected with it as to form in reality a part of the occurrence. (*State v. Platz,* 214 Kan. 74, 76, 519 P. 2d 1097, and authorities cited therein.) Evidence that does not constitute a portion of the crimes charged is admissible if there is some natural, necessary or logical connections between them and the inference or result which they are designed to establish. (*In re Estate of Isom,* 193 Kan. 357, 394 P. 2d 21; *State v. Fagan,* 213 Kan. 587, 518 P. 2d 552; and *State v. Brown,* 217 Kan. 595, 538 P. 2d 631.)

The opinion of this court in *State v. Martin,* supra, bears directly upon this point, where the court said:

"On the other hand, the state maintains that evidence of the attack upon the nearby householder was admissible in its own right as bearing directly on the crimes with which Martin was being tried. Accordingly the state argues that no limiting instruction was required to be given in this case.

"We believe the state's position is correct. The defendant's visit to the neighbor's home looking for the heavy-set man, a description which we are advised fit the victim, and the defendant's unprovoked battery upon the hapless gentleman who opened the door are part and parcel of the sequence of events leading directly to the assault and the robbery which occurred a few minutes thereafter. This evidence had relevance other than as to character or disposition; it possessed

evidential value to show commission of the crimes themselves, and was admissible for that purpose.

"K.S.A. 60-455 does, it is true, prohibit proof of a defendant's disposition to commit crimes as a basis for an inference that he committed an offense on a specific occasion, except where such evidence is admissible to prove some relevant fact such as motive, intent, plan, etc. (*State v. Whiters,* 206 Kan. 770, 481 P. 2d 992.) This, however, is not to say that evidence directly relating to the commission of the offense charged is not independently admissible—and without limiting instructions—even though it could also have been admitted under 60-455 for limited purposes. Even though evidence may be inadmissible on the issue of character, it may be relevant otherwise—and thus be admissible.

"The admissibility of evidence tending directly to establish a crime is not destroyed because it discloses the commission of another and separate offense. Such is the rule generally and it has long been followed in this jurisdiction. . . ." (p. 952.)

Similarly, the defendant in *State v. Hale,* supra, was convicted of burglary in the third degree and larceny in connection therewith, and the court said:

"In our opinion the questions asked of the defendant were pertinent upon the central issue being litigated—the guilt or innocence of the defendant. The theft of the shotgun from another home in the neighborhood tends to establish the character of Mr. Hale's sojourn in that area and was admissible under K.S.A. 60-455, for the purpose of showing intent, motive and method of operation. (*State v. Holsey,* 204 Kan. 407, 464 P. 2d 12, *State v. Kowalec,* 205 Kan. 57, 468 P. 2d 221.)

"Likewise, the evidence relating to the defendant's plans and preparations to destroy his place of refuge by setting it on fire may properly be considered as part and parcel of his general scheme and as falling within the *res gestae.* The fashioning of an incendiary device, as testified to by his erstwhile friend, Judy, plus his actions in strewing clothing and heating elements about the house may logically be said to negative an innocent occupancy of the building. Such elaborate preparations for the destruction of the house would seem more consistent with an intention to cover up or conceal all traces of the burglary and resulting theft." (p. 525.)

On the basis of the foregoing authorities the trial court did not err in admitting the challenged evidence at the trial of the appellant.

The judgment of the lower court is affirmed.