No. 49,816

STATE OF KANSAS, *Appellee,* v. FREDDIE A. COX, *Appellant.*

(587 P.2d 890)

Opinion filed December 9, 1978.

*Michael Sexton,* of Kansas City, argued the cause and was on the brief for the appellant.

*Philip L. Sieve,* chief deputy district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Nick A. Tomasic,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: A jury in Wyandotte County convicted Freddie A. Cox of first degree murder, K.S.A. 21-3401. A life sentence was imposed. The murder occurred in a Save-U-More Market in Kansas City, Kansas. Cox was 16 years of age. On the evening of April 20, 1977, he walked into the store holding a shotgun. His face was smeared with red makeup and he was wearing a bandana on his head. There were two employees in the store at the time. He ordered them not to move. One of the employees, Clarence Mitchell, made some slight movement at which time Cox fired the shotgun. The shot charge hit Mitchell in the chest. Cox turned toward the other employee and stated: "If you move I will shoot you, too." He then ran out of the store without taking anything. Clarence Mitchell died of the shotgun wound. Cox was arrested that same evening. The juvenile court waived jurisdiction and Cox was tried and convicted as an adult.

There can be little doubt that Cox committed the crime. He was known in that neighborhood. He was recognized and positively

identified by the clerk in the store. Three other people in the vicinity of the store heard the shotgun blast and saw Cox leave the store, shotgun in hand. When the police arrived at his home, shortly after the killing, Cox had just taken a shower. His hair was somewhat damp. A consensual search of his room disclosed a shotgun similar to the one seen by the store clerk. It was located between the mattress and springs of his bed. The gun rack in his room, where he generally kept the shotgun, was empty.

In addition to the foregoing, a former girl friend of Cox testified that Cox told her he had been caught in a burglary of the Save-U-More Market two days before, "they" took him to city hall, argued with him and let him go. He told her he was going to the Save-U-More Market that same evening and shoot someone down there. This conversation took place less than an hour before Clarence Mitchell was murdered in the market.

The appellant Cox was charged and convicted of premeditated murder. It was the state's theory at the trial that appellant set out that evening to kill someone at the market in retaliation for his trip to the police station when he was picked up for burglarizing this same market.

From the evidence at the trial it appears that appellant had burglarized this market two days before. Appellant had been caught with another youth about a block and a half from the store and had in his possession a number of items taken from the store. The store had been broken into. The appellant was caught while making his second trip for merchandise. Additional merchandise from the market was located behind the Cox home. On being questioned by the police, appellant gave a written confession and then was released. The merchandise was returned and appellant never was charged with this burglary.

Prior to appellant's trial for murder his counsel filed a motion in limine for the purpose of determining the admissibility of testimony relating to the burglary. The trial court ruled that testimony from police officers and from the appellant's girl friend relating to the burglary would be relevant and admissible at the trial to establish a motive and the element of premeditation. The crime charged was first degree murder.

The sole point raised in this appeal concerns alleged error in admitting evidence of the prior crime of burglary by appellant, a minor of the age of 16 years. Appellant launches a two-pronged

attack on the admission of this testimony. First, he argues such evidence was confidential under K.S.A. 38-805. Secondly, he contends the evidence of the prior crime although not governed by K.S.A. 60-455 was admitted without giving him sufficient pretrial notice of the state's intention to establish the burglary, thus he was denied a fair trial.

The trial of this case began September 12, 1977. The statute appellant relies on, K.S.A. 38-805, was amended effective January 10, 1977, and now appears as K.S.A. 1977 Supp. 38-805. Although of no consequence to this case, the statute was amended again in 1978. The statute refers generally to privileged information contained in the official records of the district court pertaining to juvenile proceedings. Subsection (a) requires that records of juvenile proceedings be kept separate from other records of the district court. Subsection (b) provides that such records shall be open to inspection only by consent of a judge of the district court. Subsection (c) declares the privileged nature of these records.

However, there were no confidential records covering this burglary; the appellant was never charged with said crime in the courts. K.S.A. 1977 Supp. 38-805, which provides that all information obtained and records prepared by any employee of the district court for proceedings under the Kansas Juvenile Code shall be privileged and shall not be disclosed, does not render inadmissible the testimony of witnesses based on their own personal knowledge of a crime committed by a juvenile. At a later time where such juvenile is being tried as an adult the personal testimony, if relevant, is admissible to establish an issue being determined therein. See *State v. Winston,* 214 Kan. 525, 527, 520 P.2d 1204 (1974); *State v. Hinkle,* 206 Kan. 472, 479 P.2d 841 (1971). The prohibition of the statute, K.S.A. 1977 Supp. 38-805, extends only to information obtained and records prepared and filed in the district court under the Kansas Juvenile Code. In the present instance the district court, after being advised of the nature of the proposed testimony and after considering the provisions of the statute, properly admitted the testimony.

The second prong of appellant's attack concerns his claim of denial of a fair trial because of the failure of the state to advise him in advance that evidence of the prior crime of burglary would be introduced at the trial. We are aware of no such notice requirement in Kansas.

On the facts of this case evidence of the prior burglary was admissible as part of the *res gestae* to establish necessary elements of the offense charged, malice and premeditation. *State v. Ferris,* 222 Kan. 515, 517, 565 P.2d 275 (1977); *State v. Winston,* 214 Kan. at 529. The testimony of the former girl friend of Cox established not only malice and premeditation but also motive.

There are cases from other jurisdictions which hold that where the state seeks to prove the accused was guilty of additional crimes, such proof will not be received at trial unless within a reasonable time before trial the state furnishes the accused a statement in writing of the other offenses it intends to prove. *State v. Spreigl,* 272 Minn. 488, 139 N.W.2d 167 (1965); *State v. Prieur,* 277 So. 2d 126, 130 (La. 1973). We have no such requirement in this state.

We have required the trial court to examine the evidence outside the presence of the jury when such evidence is proposed under exceptions in K.S.A. 60-455, but no exact time schedule has been set. In order to forestall interruption of the trial and waste of jury time this court in *State v. Henson,* 221 Kan. 635, 641, 562 P.2d 51 (1977), approved the practice of holding a hearing in advance saying, "As recommended in *State v. Bly,* 215 Kan. 168, 523 P.2d 397, the state did file a pretrial motion and a hearing was had prior to trial." However, this is not the basis for error claimed by appellant in this case. He acknowledges that evidence of the burglary was not admitted under K.S.A. 60-455 and was admitted as part of the *res gestae* to prove elements of the crime charged. The question he raises is one of lack of notice to prepare for his defense.

In the briefs there appears to be some dispute as to whether evidence of the burglary was admitted at the preliminary hearing. Our examination of the transcript of the hearing conclusively establishes that evidence of the burglary was introduced through Karen Moore, the former girl friend of appellant. This occurred on May 12, 1977. The appellant was again advised of the state's intention on September 9, 1977, on argument of pretrial motions. The trial began September 12, 1977. Under these circumstances we find this contention to be without merit.

The judgment is affirmed.