No. 55,897

STATE OF KANSAS, *Appellee,* v. JERRY B. GRAY, *Appellant.*

(681 P.2d 669)

Opin-
ion filed June 8, 1984.

*E. Roger Horsky,* of Leavenworth, argued the cause and was on the brief for the appellant.

*Robert E. Davis,* county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRAGER, J.: This is a direct appeal by the defendant, Jerry B. Gray, following his conviction of unlawful restraint (K.S.A. 21-3424) and rape (K.S.A. 1983 Supp. 21-3502). At the trial, the complaining witness, Tracie, testified in substance as follows: She was employed as a waitress at McDonald's restaurant in Leavenworth. Shortly after midnight on March 4, 1982, she left

the restaurant with two coworkers following the closing of the business. It was cold and icy. After helping each other to clean car windows of ice, each employee left in a separate car. Tracie testified that, as she was stopped at a stoplight at an intersection, the defendant suddenly raised up out of the back seat of the vehicle and held a knife at her throat. The defendant forced her to drive to an isolated area near his apartment. He placed her coat over her head and forced her to walk to his apartment where he threatened her, told her to disrobe, and forced her to have sexual intercourse without her consent. Defendant kept her there until 11:30 a.m. the following morning when he took her to a friend's house. After the defendant had departed, the friend called the victim's family and the police, and the defendant was thereafter charged.

The defendant's story was much different. He testified that he talked to Tracie during the course of the evening at McDonald's and that she later showed up voluntarily at his apartment shortly after midnight. He let her in and they subsequently had consensual sexual intercourse. According to the defendant, the victim voluntarily stayed at his apartment until 11:30 a.m., when she went to the friend's house. Essentially, it was the defendant's word against that of the victim, since there were no other witnesses to the occurrence. The jury believed the complaining witness and convicted the defendant. Following his conviction, the defendant appealed.

The defendant's first point on the appeal is that the trial court erred in allowing the prosecution to introduce testimony as to a prior incident involving the defendant which occurred at 9:30 p.m. on March 2, 1982, approximately 26 hours prior to the commission of the offense in this case. Prior to trial, the State filed a motion requesting the court to determine the admissibility of the evidence under the provisions of K.S.A. 60-455. After considering the State's motion, the court ruled that the State could introduce the evidence at the trial. Thereafter, at the trial, the State offered the testimony of Mrs. C which was essentially as follows: At about 9:30 p.m. on March 2, 1982, in a parking lot directly across the street from the McDonald's restaurant involved in this case, Mrs. C and her husband and brother-in-law returned to Mrs. C's car following a period of shopping in the area. As Mrs. C approached her car, she saw the defendant

crouching in the back seat with what appeared to her to be a knife. When the defendant saw that Mrs. C was accompanied by her husband and brother-in-law, he immediately exited the car holding what was later discovered to be a pair of scissors. The defendant did not actually threaten Mrs. C with the scissors, but he told Mrs. C that he was loaded and tired and was in the wrong car. Mrs. C immediately reported the incident to the police. Defendant was then apprehended and identified as the individual that had been in the back seat of the automobile. At the trial, the defendant testified that he had ridden to the shopping center with a friend, and having been separated from his friend, went to what he thought was his friend's car to await the friend's return from the shopping center. The State introduced this evidence to corroborate the testimony of the victim on the basis that this evidence showed that 26 hours before the incident involving Tracie, the defendant was crouching in the back seat of an automobile with a sharp instrument in his hand and at a place across the street from where Tracie was assaulted. The court admitted the testimony of Mrs. C on the basis of K.S.A. 60-455 in order to show plan and preparation. It is the defendant's contention that the trial court erred in admitting the evidence of the prior incident because the resulting prejudice to the defendant far outweighed its probative value. The State contends that the evidence was not only admissible under K.S.A. 60-455 but was also independently admissible as tending to establish the crime with which the defendant was charged.

The trial court, in admitting the testimony, ruled that the evidence was relevant to show the defendant's preparation and plan for the offense charged and was so probative that its value outweighed any prejudicial effect. In its ruling, the court stated that it would give a proper limiting instruction at the close of the trial restricting consideration of the evidence for the limiting purpose of proving preparation and plan. We have considered the issue and concluded that the evidence was properly admissible independently of K.S.A. 60-455. It has long been the rule in this state that, while evidence of an independent offense may be admissible in a criminal case under the provisions of K.S.A. 60-455 for the limited purpose of showing motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, it may also possess evidential value to show

the commission of the offense itself, in which case the evidence is admissible independently of the foregoing statute. Evidence which is otherwise relevant in a criminal action is not rendered inadmissible because it may disclose another or independent offense. *State v. Martin,* 208 Kan. 950, 495 P.2d 89 (1972).

In *State v. Ferris,* 222 Kan. 515, 565 P.2d 275 (1977), the rule is recognized that acts done or declarations made before, during, or after the happening of the principal fact may be admissible as part of the *res gestae* where they are so closely connected with it as to form in reality a part of the occurrence. Evidence that does not constitute a portion of the crimes charged is admissible if there are some natural, necessary, or logical connections between the evidence and the inference or result which it is designed to establish. In *Ferris,* the court relied on *State v. Martin.* The rule was also applied in *State v. Marks,* 226 Kan. 704, 602 P.2d 1344 (1979), and in *State v. McDaniel & Owens,* 228 Kan. 172, 176, 612 P.2d 1231 (1980). In the present case the prior incident in the parking lot was closely linked in time and place with the crime charged. It possessed evidential value in tending to show the commission of the offense itself. The testimony, which showed prior acts of the defendant in entering without permission the automobile of another, crouching in the back seat, and suddenly rising up with a sharp instrument in hand to accost the owner, which incident took place in a parking lot across the street from the McDonald's restaurant, clearly corroborated the victim's testimony and hence was admissible independently of K.S.A. 60-455. We find that the trial court did not err in admitting that testimony.

The defendant's second point on the appeal is that the trial court erred in failing to give the limiting instruction customarily given where evidence is admitted under K.S.A. 60-455. In view of the fact that we have held under the first point that the evidence complained of was admissible independently of K.S.A. 60-455, we hold that a limiting instruction was not required in this case. It is not error for the trial court to fail to give a limiting instruction on the purpose of evidence of other crimes when the challenged evidence is admissible independently of K.S.A. 60-455. *State v. Smolin,* 221 Kan. 149, 557 P.2d 1241 (1976).

On this issue, it should also be pointed out that the record clearly shows that the trial court offered to give a limiting

instruction and was willing to do so but did not give such an instruction because defense counsel on the record objected to the limiting instruction. Under the circumstances, the defendant has no right to complain. The rule is well established that a litigant may not invite error and then complain of that error on appeal. *State v. Reynolds,* 230 Kan. 532, 639 P.2d 461 (1982). In this regard, we also note *State v. Gross,* 221 Kan. 98, 100, 558 P.2d 665 (1976). There the defendant was convicted of burglary and misdemeanor theft. On appeal, the defendant contended that the trial court erred in failing to instruct the jury on voluntary intoxication. The record showed that the trial court, during a conference on instructions, announced that an instruction on intoxication would not be given after the defendant objected thereto. The court noted that deletion of the instruction was invited by defendant as part of his trial strategy. Therefore, failure to give the instruction could not form the basis for a valid complaint on appeal. The basis of the court's ruling was that a litigant who invites and leads a trial court into error will not be heard on appeal to complain of that action. Under the circumstances and in view of the defendant's objection to the giving of a limiting instruction in this case, we hold that the defendant has no right to complain on appeal that the instruction was not given.

The defendant's final point is that the defendant did not receive a fair and impartial trial because of the totality of the circumstances as shown by the record. Under this point, the defendant lists a number of claimed errors of the trial court, including the claimed excessiveness of the bail bond, denial of a speedy trial, late endorsement of witnesses, misconduct of the prosecutor in his opening statement, an excessive number of witnesses presented by the State, and prejudicial newspaper publicity. We have considered each one of these points and have concluded that, either independently or collectively, there is no sound basis for a claim by the defendant on this appeal that he was denied a fair trial.

The judgment of the district court is affirmed.

SCHROEDER, C.J., concurs in the result.